Receipt number 9998-5397005

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 4023 SAWYER ROAD I, LLC, | ) |
| | ) |
| DOUGLAS AND CYNTHIA G. ABBOTT, | ) |
| | ) |
| JULIA R. ADKINS AND AUSTIN C. MURPHY, | ) |
| | ) |
| RANDAL S. AND JOYCE S. ALBRITTON, | ) |
| | ) |
| LOUIS L. ALDERMAN, JR., AS TRUSTEE OF | ) |
| THE LOUIS L. ALDERMAN 2013 REVOCABLE | ) |
| TRUST, | )    Case No. ___19-757 L___ |
| | ) |
| NEAL AND JO ATCHLEY, | ) |
| | ) |
| KERWIN AND JUDY BAKER, | ) |
| | ) |
| STEVE E. BISHOP, | ) |
| | ) |
| BRADLEY BLUM MORRISON, | ) |
| | ) |
| GEOFFREY L. BOLTON, | ) |
| | ) |
| RAY AND ELLA BONTRAGER, | ) |
| | ) |
| DOMINIC D. AND KATHLEEN M. BOOTH, | ) |
| | ) |
| ERSILA BORCHERT, | ) |
| | ) |
| KAREN E. BOWSER, | ) |
| | ) |
| RALPH R. AND DALE MARIE BRAUN, | ) |
| | ) |
| JEFFREY C. DOYLE, AS TRUSTEE OF THE | ) |
| WALLACE DAVID BRUNTON TESTAMENTARY | ) |
| TRUST, | ) |
| | ) |
| SEAN AN DARCY BYRNES, | ) |
| | ) |
| CAROL CALDWELL, | ) |
| | ) |
| ENDIA K. AND GARY CALLAHAN, | ) |
| | ) |
| MARTIN CARRILLO-PLATA, | ) |
| | ) |

GARY L. CATHEY AND VICTORIA L. GOODRICH,    )
                                             )
JAMES M. AND JENEVE S. CAWLEY,               )
                                             )
JOHN AND JOANNE CISLER,                      )
                                             )
AMY ROSEANN COATS AND DARRIN LEE             )
JOHNSON,                                     )
                                             )
STEVEN R. AND VIRGINIA M. COURTENAY,         )
                                             )
CRABAPPLE ENTERPRISE, LLC,                   )
                                             )
FRANK T. CROTSLEY,                           )
                                             )
JOSEPH AND DOROTHY D'ANGELO, AS              )
AS TRUSTEES OF THE D'ANGELO FAMILY           )
REVOCABLE TRUST,                             )
                                             )
CRAIG B. AND CYNTHIA D. DICKIE,              )
                                             )
THOMAS AND MICHELLE M. DODSON,               )
                                             )
WANDA DONNER, AS TRUSTEE OF THE WANDA        )
DONNER LIVING TRUST,                         )
                                             )
PAMELA DRIGGS,                               )
                                             )
ELISE J. DURANCEAU,                          )
                                             )
ZOILA EMANUELLI, AS TRUSTEE OF THE           )
ZOILA EMANUELLI REVOCABLE TRUST,             )
                                             )
DENISE DOUCETTE ERB AND LORRAINE E.          )
COLBY,                                       )
                                             )
JOHN ERMILIO,                                )
                                             )
THOMAS M. AND JOYCE R. FAY,                  )
                                             )
BERNADETTE FERAGOLA,                         )
                                             )
STEVEN P. AND LINDA A. FINEHOUT,             )
                                             )
MARK T. AND ANGELA D. FLAHERTY,              )
                                             )

JOHN W. AND CHRISTINE L. FORDHAM,                    )
                                                     )
COSIMO A. FRAGOMENI,                                 )
                                                     )
SHARON L. GALLAGHER, AS TRUSTEE OF THE               )
SHARON L. GALLAGHER REVOCABLE TRUST,                 )
                                                     )
MICHELLE GARCIA,                                     )
                                                     )
DONALD L. GEARY, AS TRUSTEE OF THE                   )
DONALD L. GEARY REVOCABLE TRUST,                     )
                                                     )
ANN T. GERAGHTY,                                     )
                                                     )
ROMAN T. AND CAROLYN F. GRABER, AS                   )
TRUSTEES OF THE ROMAN AND CAROLYN                    )
GRABER REVOCABLE TRUST,                              )
                                                     )
GPG LIMITED, LLC,                                    )
                                                     )
WILLIAM AND BROOKE GRAMES,                           )
                                                     )
CATHERINE TERESA GRAY,                               )
                                                     )
VINCENT AND KAREN GUGLIELMINI,                       )
                                                     )
JOSHUA CARROLL HACKNEY,                              )
                                                     )
RENATE B. HARKAVY,                                   )
                                                     )
ALVIN L. AND MICHELLE L. HARRELL, JR.,               )
                                                     )
NOEL K. HARRIS,                                      )
                                                     )
GARNETT D. AND STEPHANIE S. HAYES,                   )
                                                     )
STEPHEN A. HEARD,                                    )
                                                     )
WAYNE A. AND JOYCE O. HIBBS, JR.,                    )
                                                     )
ANGELO AND SARAH J. HOAG,                            )
                                                     )
MICHAEL A. AND JANEL K. HUCKLEBERRY,                 )
                                                     )
LARRY E. HUDSPETH,                                   )
                                                     )

GARY P. HURST,                                          )
                                                       )
PAUL K. AND DAPHNE J. HUTCHISON,                       )
                                                       )
IZMIRLIAN PROPERTIES, LLC,                             )
                                                       )
JACTRACE, LLC,                                         )
                                                       )
JB HOLDINGS OF SARASOTA, L.L.C.,                       )
                                                       )
DANIEL L. AND KRISTIN JADUSH,                          )
                                                       )
BOB ALLEN AND LORI ANN JEFFERSON,                      )
                                                       )
LINDA L. JONES,                                        )
                                                       )
DEBORAH KECK,                                          )
                                                       )
KENNETH J. AND MARGARET A. KELLNER,                    )
                                                       )
BRIAN J. AND CHERYL A. KEY,                            )
                                                       )
JAMES AND DIANE KOSTAN,                                )
                                                       )
MYRTLE KRAUSE,                                         )
                                                       )
MICHAEL AND VIVIAN KRAVCHAK,                           )
                                                       )
LAKE SAWYER TWO, LLC,                                  )
                                                       )
KEITH R. AND MARY M. LEESEBERG,                        )
                                                       )
LEWMA ENTERPRISE, INC.,                                )
                                                       )
MURIEL R. LOCKLEAR,                                    )
                                                       )
PATRICK J. AND LISA A. LOYET,                          )
                                                       )
DOUGLAS P. AND MARIA A. LUFF,                          )
                                                       )
TAMMY LYNN,                                            )
                                                       )
LINDA LYON,                                            )
                                                       )
SHIRLEY I. MANFREDO,                                   )
                                                       )

CHERYL A. MARCHAND AND CANDACE A.  )
MAGIERA,                          )
                                  )
THOMAS W. MARCHESE,               )
                                  )
KIM A. AND SHEILA E. MARSHALL, AS )
TRUSTEES OF THE KIM A. AND SHEILA E. )
MARSHALL TRUST,                   )
                                  )
WILLIAM MARTELL, III,             )
                                  )
REUBEN S. AND KATHY J. MARTIN,    )
                                  )
SUZANNE MCDONALD,                 )
                                  )
JASON J. AND KAREN MCGUIRE,       )
                                  )
MICHAEL MCLAUGHLIN,               )
                                  )
MICHAEL L. MORGAN,                )
                                  )
SUE MOULTON,                      )
                                  )
TIMOTHY AND MARY MURPHY,          )
                                  )
JAMES KIRT, NICHOLAS JAMES, AND   )
CHRISTOPHER ANDREW NALEFSKI       )
                                  )
JAVIER NIETO AND MAYLEN NEGRIN,   )
                                  )
BARBARA A. NIKIAS,                )
                                  )
ELMER H. AND LENA M. NOLT,        )
                                  )
GREGORY B. NOWAK,                 )
                                  )
PERRY M. AND PAMELA S. O'CONNOR,  )
                                  )
SUEKO O'CONNOR,                   )
                                  )
MICHELE AND DOROTHY ANN PARADISO, )
                                  )
RYAN R. PARKER,                   )
                                  )
THOMAS PEARSON,                   )
                                  )

TODD A. AND CARMEN PERNA,                              )
                                                       )
PATRICIA LYNNE PITTS-HAMILTON,                         )
                                                       )
PRO PROPERTIES, LLC,                                   )
                                                       )
JAMES PROCOPIO,                                        )
                                                       )
ANTHONY AND KAREN PUCCIO,                              )
                                                       )
SHIRLEY P. RAMSEY,                                     )
                                                       )
JUSTIN M. RESLAN,                                      )
                                                       )
ALLEN B. AND MARY ANN E. RIEKE,                        )
                                                       )
MICHAEL A. RITCHIE,                                    )
                                                       )
KEITH E. ROLLINS AND LISA J. PAXIN-ROLLINS,            )
                                                       )
FAYE M. ROOD,                                          )
                                                       )
DONALD AND MEREDITH JEANNE RUTH,                       )
                                                       )
DAVID G. SADLER,                                       )
                                                       )
LAWRENCE D. AND VERONICA D. SALZMAN,                   )
                                                       )
BRIAN T. SANBORN,                                      )
                                                       )
SARASOTA COUNTY AGRICULTURAL                           )
FAIR ASSOCIATION,                                      )
                                                       )
CHAD, GRACE, AND ROBERT SCHAEFFER,                     )
                                                       )
BRIAN N. SEYMOUR,                                      )
                                                       )
FAITH H. SIMOLARI, AS TRUSTEE OF THE                   )
PHILIP SIMOLARI REVOCABLE TRUST,                       )
                                                       )
WILBUR O. SMITH,                                       )
                                                       )
RICKEY SMULL,                                          )
                                                       )
DAVID STEBBINS,                                        )
                                                       )

HUBERT STEENBAKKERS AND MONITA A.                    )
WHITNEY,                                              )
                                                     )
VERA STRANIERE,                                      )
                                                     )
PAUL W. HOERNING AND COURTNEY JOACHIM,               )
                                                     )
SUZANNE M. THORNBURG,                                )
                                                     )
JAMES H. AND GLENDA G. THORNTON,                     )
                                                     )
JAMES J. TUTSOCK AND MARY J. MCQUEEN,                )
                                                     )
J. MICHAEL AND MARY ELIZABETH TWEED,                 )
                                                     )
PATRICIA, E. RICHARD E. AND JONATHAN                 )
L. VARLEY,                                           )
                                                     )
ENOS N. AND ANNA MARY WEAVER, JR.,                   )
                                                     )
KENNETH D. AND SUSAN K. WELLS,                       )
                                                     )
DAVID A. AND ANNA I. RUIZ-WELSHER,                   )
                                                     )
PAUL WICHA,                                          )
                                                     )
BRAD D. AND PATRICIA T. WILSON,                      )
                                                     )
ROBERT J. AND MAUREEN C. WILSON,                     )
                                                     )
THERESA A. WILSON,                                   )
                                                     )
ZBIGNIEW AND WISLAWA WROBEL,                         )
                                                     )
JENNIFER YAGER,                                      )
                                                     )
TRAVIS MARC AND ELIZABETH MARIE YODER,               )
                                                     )
STEPHEN AND MARGARET ZAWACKI,                        )
                                                     )
ORVIE W. AND MARIE M. ZIMMERMAN AND                  )
EMERY AND MARY ELLEN YODER,                          )
                                                     )
TIMOTHY J. AND DANA ZIZAK,                           )
                                                     )
3153 NOVUS COURT, LLC,                               )

| | |
|---|---|
| ANNA MARIE MARTIN, | ) |
| | ) |
| JOSE SIERRA TESTI-MARTINEZ AND | ) |
| CLARA A. MYERS, | ) |
| | ) |
| CAMERON W. AND CAROL T. MCGOUGH, | ) |
| | ) |
| TROY ALVIS, | ) |
| | ) |
| JUDY H. JOHNSON, | ) |
| | ) |
| CARL G. AND TOBIE L. DESANTIS, | ) |
| | ) |
| KASSANDRA AND ELAINE LUEBKE, | ) |
| | ) |
| MARTIN AND CAROL FRANCES GRABER, | ) |
| | ) |
| MARTIN GRABER, | ) |
| | ) |
| CHERYL A. DEL POZZO GALLAGHER, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

## SUMMARY OF THIS LAWSUIT[1]

    *This lawsuit is a Fifth Amendment taking case in which Sarasota County Florida landowners ask this Court to order the federal government to pay them for property the federal government took from them. The government took these owners' land for the northern extension of the Legacy Trail between Sarasota and Venice. The Legacy Trail is a public*

---

[1] This summary is not part of the complaint but is provided for the convenience of the Court and parties.

recreational trail and a rail-trail corridor easement the federal government created under the National Trails System Act.[2]

In the early 1900s, these landowners' predecessors-in-title granted Seaboard Air Line Railway a right-of-way easement allowing the railroad to use a strip of their land to build and operate a railway line between Sarasota and Venice. When the Seaboard and its successor railroads no longer operated the original easement terminated and the present-day owners held unencumbered title and the exclusive right to possess and use of their land and to exclude others from using their property. The fee estate owner's exclusive right to use and occupy land subject to an easement is informally called a "reversionary" interest. [3]

CSX Transportation (CSXT) and Seminole Gulf Railway (Seminole Gulf) were the successor railroads to Seaboard. By 2002, CSXT and Seminole Gulf no longer operated a railway line over this land. In 2019, the railroads petitioned the federal Surface Transportation Board (Board) for authority to abandon the railroad right-of-way. The federal government granted the railroad permission to abandon this railway line.

Under Florida law the easement terminated and these landowners bringing this lawsuit held unencumbered title to the land and enjoyed the exclusive right to use and possess the land.[4] Correspondingly, Seaboard's

---

[2] The National Trails System Act of 1968 (as amended 1983) (codified at 16 U.S.C. §1241, *et seq.*).

[3] We use the term "reversionary" as a shorthand description of the owner of the fee estate's interest. This is not technically correct, since nothing "reverts." The owner of the fee estate continually possesses the fee estate. "There is an alternative way … to describe property transactions involving easements. Instead of calling the property owner's retained interest a fee simple burdened by the easement, this alternative labels the property owner's retained interest following the creation of an easement as a 'reversion' in fee. Upon the termination, however achieved, of the easement, the 'reversion' is said to become fully possessory; it is sometimes loosely said that the estate 'reverts' to the owner." *Preseault v. United States,* 100 F.3d 1525, 1533 (Fed. Cir. 1996) (*Preseault II*). See also *Marvin M. Brandt Rev. Trust v. United States*, 572 U.S. 93, 106, n.4 (2014).

[4] Chief Justice Roberts explained that when a railroad no longer uses its right-of-way the owner of the fee estate regains unencumbered title and possession of their land:

The essential features of easements—including, most important here, what happens when they cease to be used—are well settled as a matter of property law. An easement is a "nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement." "Unlike most possessory estates, easements ... may be unilaterally terminated by abandonment, leaving the servient owner with a possessory estate unencumbered by the servitude." In other words, if

*successors, CSXT and Seminole Gulf, had no right to sell or transfer an easement across these owners' land to anyone.*

*But the federal government wanted the land under otherwise abandoned railroad right-of-way easements (such as this Venice to Sarasota railway line) to be used for public recreation and for a possible public transportation corridor in the future. To achieve this objective Congress amended the National Trails Act to add section 8(d), authorizing the Board to take owners' "reversionary" interest in land, allow the railroad to sell the owner's land to a non-railroad for public recreation and so-called "railbanking" and imposed two new easements for these public uses upon the owner's land.*

*The Legacy Trail is a conversion of the abandoned Seaboard Air Line Railway right-of-way easement running between Venice, Florida to Downtown Sarasota. In April 2004 the Board issued its initial order invoking section 8(d) to convert the segment of the abandoned right-of-way between Venice and Sawyer Loop Road. This was the subject of prior Trails Act litigation. See Rogers v. United States, 90 Fed. Cl. 418, 421 (2009).[5] The government has paid the owners whose property was taken for this southern segment of the Legacy Trail. In December 2017 the Board issued an order extending the Legacy Trail about one and one-half miles north of Sawyer Loop Road. The owners of the property taken for this extension have filed a claim for compensation in Cheshire Hunt v. United States, No. 18-111 (Wheeler, J.). The Board issued the order invoking section 8(d) of the Trails Act and took these owners' property to extend the Legacy Trail into downtown Sarasota this May.*

*The Board's order invoking section 8(d) of the Trails Act took these owner's reversionary right to their land and allowed the CSXT and Seminole Gulf to sell an easement across these owner's land to Sarasota County for the northern extension of the Legacy Trail.*

*When the government takes private property our Constitution requires the government to justly compensate the owner whose property has been taken.[6] The United States Supreme Court held that the federal*

---

the beneficiary of the easement abandons it, the easement disappears, and the landowner resumes his full and unencumbered interest in the land.

*Marvin M. Brandt Rev. Tr. v. United States*,
572 U.S. at 104-05 (2014) (quoting Restatement (Third) of Property).

[5] See also *McCann Holdings, Ltd. v. United States*, 111 Fed. Cl. 608 (2013), and *Childers v. United States*, 116 Fed. Cl. 486 (2014).

[6] U.S. Constitution, Amend V, and *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, (1922) ("We are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way

*government's invocation of section 8(d) takes an owner's private property
and the Just Compensation Clause of our Constitution compels the federal
government to pay the owner for that property the federal government took,
reimburse the owner's legal fees and litigation expenses and pay the owner
interest for the government's delay in compensating these owners.[7].*

*The federal government has not, however, paid these Florida
landowners. The federal government has not even offered to pay these
landowners. The only way these owners can vindicate their constitutional
right to be justly compensated is (like the owners on the land taken for the
southern segment of the Legacy Trail) to bring this lawsuit. Accordingly,
these owners ask this Court to order the federal government to pay them for
that property the federal government took, to compensate these owners for
the government's delay and to reimburse these owners' legal fees and
litigation expenses as required by the Uniform Relocation Assistance Act,
42 U.S.C. §4654(c).*

## JURISDICTION AND VENUE

1.      The Tucker Act, 28 U.S.C. 1491(a), provides, "The United States Court of

Federal Claims shall have jurisdiction to render judgment upon any claim against the

United States founded upon the Constitution."

## THE CONSTITUTIONAL AND STATUTORY PROVISIONS
## GOVERNING THIS DISPUTE

2.      The following provisions of the United States Constitution and the United

States Code govern this dispute.

(a)      The Fifth Amendment to the United States Constitution provides,

"No person shall … be deprived of life, liberty, or property, without due process of law;

---

of paying for the change.") and *Armstrong v. United States,* 364 U.S. 40, 49 (1960) ("The
Fifth Amendment's guarantee that private property shall not be taken for a public use
without just compensation was designed to bar Government from forcing some people
alone to bear public burdens which, in all fairness and justice, should be borne by the public
as a whole.")

[7] *Preseault v. Interstate Commerce Comm'n,* 494 U.S. 1 (1990) (*Preseault I*).

nor shall private property be taken for public use, without just compensation." *U.S. Const. Amend. V.*

(b)     Section 8(d) of the Trails Act, codified as 16 U.S.C. §1247(d), provides, "interim use [of abandoned railroad right-of-way easements for public recreation] shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes."

(c)     The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) (URA) (Pub. L. 91-646; 84 Stat. 1894), requires the federal government to reimburse these owners the "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

(d)     Section 4622(a) of the URA provides the federal government must also pay other expenses and costs an owner incurs including: "(1) actual reasonable expenses in moving himself, his family, business, farm operation, or other personal property; (2) actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation … (3) actual reasonable expenses in searching for a replacement business or farm."

(e)     Section 4622(d) of the URA provides the federal government must also pay the costs of relocating "utility facilities" including: "(i) any electric, gas, water, steam power, or materials transmission or distribution system; (ii) any transportation system; (iii) any communications system (including cable television); and (iv) any fixtures, equipment, or other property associated with the operation, maintenance, or repair of any such system."

## STATEMENT OF FACTS

**A.    The history of this railroad right-of-way easement between Sarasota and Venice Florida.**

3.    At the turn of the last century much of the land in what is now Sarasota County Florida was owned by Bertha Palmer and members of her family, including her brother Adrian Honore. [8]  The Palmer family wanted Sarasota and Venice to prosper and sought to promote the community.

4.    To facilitate development of the Sarasota and Venice communities, the Palmer family wanted Seaboard to build a railway line between Seaboard's then terminus in Sarasota and Venice about fifteen miles south.

5.    In November 1910 Adrian Honore, one of these landowners' predecessors-in-interest, granted Seaboard a right-of-way easement across his land to facilitate Seaboard building a railway line from Sarasota to Venice.  A copy of the right-of-way easement Adrian Honore granted Seaboard Railway is attached as **Exhibit 1.**

6.    Not long after Adrian Honore granted Seaboard an easement across Honore's land, the newly-created, federal Interstate Commerce Commission inventoried railroad companies' assets and mapped railway lines.  These federally-created maps are called "Valuation Maps."[9]  The valuation maps and accompanying schedules are now kept by the National Archives and Records Administration.

7.    Seaboard was only granted a right-of-way easement to operate a railway line across the strip of land.  When Seaboard or its successor railroad no longer operated

[8] What is now Sarasota County was originally part of Manatee County.

[9] The Valuation Maps are not land title records and are not recorded in the state land title office.  See Valuation Act of 1913, 37 Stat. 701, ch. 92 (March 1, 1913).  But these "Val Maps" do provide a helpful survey of the property interest in railroad corridors.

trains across this strip of land, the easement terminated and these landowners held unencumbered title to the land and enjoyed the exclusive right to use and possess the land and to exclude others from their land.  Chief Justice Roberts explained in *Brandt Trust v. United States*, 572 U.S.93, 105 (2014) that "[w]hen the [railroad] abandoned the right of way…, the easement … terminated. [The owner's] land become[s] unburdened of the easement, conferring on him the same full rights over the [right-of-way land] as he enjoy[s] over the rest of [his land]."

8.      As the Supreme Court has held, the right to exclude others from an owner's land is an essential feature of private property.  *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 831 (1987) ("We have repeatedly held that, as to property reserved by its owner for private use, 'the right to exclude [others is] "one of the most essential sticks in the bundle of rights that are commonly characterized as property.'") (quoting *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 433 (1982) and *Kaiser Aetna v. United States*, 444 U.S. 164, 176 (1979)).

**B.    Seaboard's successor railroads abandoned the right-of-way and the original easement terminated.**

9.      Seaboard did not survive but went through a series of bankruptcies, and Seaboard's assets (including its interest in the Sarasota-to-Venice right-of-way easement) wound up in the hands of successor railroads.  The right-of-way easement Adrian Honore granted Seaboard was ultimately transferred to CSX Transportation, Inc. (CSXT) which, in turn, leased the railway line to Seminole Gulf Railway, L.P. (Seminole Gulf).

10.      In March 2019, Seminole Gulf requested the Board to authorize the railroad to abandon a 7.68-mile segment of rail line known as the Venice Branch Line between milepost SW 890.29 on the north side of Ashton Road and milepost SW 884.70, and

between milepost AZA 930.30 and milepost AZA 928.21 on the north side of State
Highway 780 (Fruitville Road) within the City of Sarasota, Sarasota County, Florida, with
the remainder lying within unincorporated Sarasota County.  See **Exhibit 2** Abandonment
Petition, (STB Docket No. AB-400 (Sub-No. 7X) March 8, 2019.

11.    Seminole Gulf told the Board and other state and federal agencies that "No
local or overhead traffic has moved over the Subject Line since prior to 2007, a period of
more than ten years."  Notice of Exempt Abandonment, STB Docket No. AB 400 (Sub No.
7X) (March 8, 2019), p. 3.

12.    After Seminole Gulf told the Board that Seminole Gulf wanted to abandon
the railway line, Sarasota County wrote the Board asking the Board to invoke section 8(d)
of the Trails Act and authorize Seminole Gulf and CSXT to sell and transfer the otherwise
abandoned right-of-way to Sarasota County for the northern extension of the Legacy Trail.
See **Exhibit 3** (letter of April 22, 2019, requesting interim trail use) (STB Docket No. AB
400 (Sub No. 7X).

13.    Under the terms of the easement granted Seaboard and under Florida law,
Seminole Gulf and CSXT had no right to transfer or sell any interest in these owners' land
to Sarasota County.  See *East Alabama Ry. Co. v. Doe,* 114 U.S. 340, 354 (1885) ("The
grant to the 'assigns' of the [railroad] corporation cannot be construed as extending to any
assigns except one who should be the assignee of its franchise to establish and run a
railroad.").

14.    On May 14, 2019, the Board issued an order (called a Notice of Interim
Trail Use or Abandonment (NITU)) invoking section 8(d) of the Trails Act.  See **Exhibit
4.**  The Board's order invoked section 8(d) and provided that "Use of the right-of-way for

trail purposes is subject to possible future reconstruction and reactivation of the right-of-way for rail service." *Id.* at 2.

15.     Apart from the Board's invocation of section 8(d) of the federal Trails Act, Seminole Gulf and CSXT had no interest in the land under the former railway line and CSXT and Seminole Gulf had nothing they could sell or transfer to Sarasota County, the Public Trust for Land or anyone else.

16.     This same Seaboard railroad right-of-way was also the subject of the prior Trails Act litigation in the *Rogers* series of cases.  See *Rogers v. United States,* 90 Fed. Cl. 418 (2009); *Childers v. United States,* 116 Fed. Cl. 486, 497 (2014); *McCann Holdings v. United States,* 111 Fed. Cl. 608, 614 (2013).  The *Rogers* litigation involved an earlier April 2004 order of the Board invoking section 8(d) for a twelve and one-half mile-long segment of the Sarasota-to-Venice Legacy Trail corridor.  The portion of the Sarasota-to-Venice right-of-way that was the subject of the *Rogers* litigation is south of the segment of abandoned railway right-of-way that is the subject of this litigation.

17.     The first segment of the Legacy Trail runs from Venice to the Culverhouse Nature Park just south of Sawyer Loop Road.  This first segment was taken for the Southern portion of the Legacy Trail and the owners were paid in the *Rogers, McCann* and *Childers* litigation presided over by Judge Williams.  The second segment extends north of the Culverhouse Nature Park to Ashton Road.  The owners of land taken for this segment of Legacy Trail are parties in the *Cheshire Hunt v. United States* (1:18CV111) case before Judge Wheeler and their property is currently being appraised.  The land taken for the extension of the Legacy Trail – which is the subject of the Board's order issued – continues about six miles north of Ashton Road to Fruitville Road.

18.    The federal Surface Transportation Board will retain jurisdiction over the property but has authorized Sarasota County to construct and operate a public recreational trail across these owners' land.  Last year Sarasota County adopted a bond issue to fund the cost of the improvements, but the compensation the owners are due will be paid by the federal government.  Nearly a quarter million people a year use the existing southern segment of the Legacy Trail.

19.    *Rogers* involved the 1910 right-of-way conveyance Adrian Honore granted Seaboard.  In *Rogers*, 90 Fed. Cl. at 430-31, this Court held,

> [T]he words of the Honore conveyance indicate that the parties intended to create an easement. The Honore conveyance transferred a "right of way for railroad purposes over and across the ... described parcels of land.". Further, like the deed in *Irv Enterprises*, the Honore conveyance placed an explicit limitation on the use of the property interest conveyed and contained an unequivocal stipulation that title would revert to the grantor upon discontinuance of the use of the parcel for its intended railroad purpose. See *Irv Enters*. [v. *Atl. Island Civic Ass'n* 90 So.2d 607, 609 (Fla.1956)]. The Honore conveyance has no language that suggests that title to described parcel was conveyed outright, i.e. that the transfer was made "in fee simple."

> Because Seaboard obtained an easement in the Honore conveyance, successors to the Honore grantees retained fee title to the underlying land encumbered by the easement. Under Florida law, title to the land bordering an easement extends to the centerline of the easement. *Smith v. Horn*, 70 Fla. 484, 70 So. 435, 436 (1915).

This Court additionally held, at 90 Fed. Cl. 432,

> Like the easements before the *Preseault II* Court, the Honore conveyance is an express easement, and the extent of the easement created by that conveyance is fixed. Id. (quoting 5 *Restatement of Property* § 482 (1944)). In Florida, the scope of an easement does not increase with time, and accordingly, the "burden of a right of way upon the servient estate must not be increased to any greater extent than reasonably necessary and contemplated at the time of initial acquisition." *Crutchfield v. F.A. Sebring Realty Co*., 69 So.2d 328, 330 (Fla.1954).

> Here, as in *Preseault II*, the use of the right-of-way as a public trail while preserving the right-of-way for future railroad activity was not something contemplated by the original parties to the Honore conveyance back in 1910.  As the Federal Circuit explained, when examining a right-of-way acquired in 1899, the usage of a right-of-way as a recreational trail is "clearly different" from the usage of the same parcel

of land as a railroad corridor. *Preseault II*, 100 F.3d at 1542. As such, the terms of the Honore easement were limited to use for railroad purposes and did not contemplate use for public trails. Thus, the governmental action converting the railroad right-of-way to a public trail right-of-way imposed a new easement on the landowners and effected a Fifth Amendment taking of their property. *Id*. at 1550.

20.    In *Preseault II* the Federal Circuit, sitting *en banc*, held the federal government is constitutionally obligated to pay landowners when the Board invokes section 8(d) of the Trails Act. "[W]e conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government." 100 F.3d at 1532.

21.    The Federal Circuit held, the federal government's liability in a Trails Act taking is established under a three-point analysis. See *Ellamae Phillips Co. v. United States*, 564 F.3d 1367, 1373 (Fed. Cir. 2009). Citing *Preseault II,* 100 F.3d at 1533.

(1) [W]ho owns the strip of land involved, specifically, whether the railroad acquired only an easement or obtained a fee simple estate;

(2) [I]f the railroad acquired only an easement, were the terms of the easement limited to use for railroad purposes, or did they include future use as a public recreational trail (scope of the easement); and

(3) [E]ven if the grant of the railroad's easement was broad enough to encompass a recreational trail, had this easement terminated prior to the alleged taking so that the property owner at the time held a fee simple unencumbered by the easement (abandonment of the easement).[10]

22.    In the *Rogers* litigation, this Court held the owners' predecessor-in-interest granted Seaboard an easement to use the strip of land for the operation of a railroad and

---

[10] The third point in this analysis arises only when the right-of-way easement originally granted the railroad included a right for a non-railroad to use the land for a public recreational trail. This is not applicable here because, *inter alia,* Adrian Honore's easement explicitly prohibited any use other than the operation of a railway.

that when Seaboard and its successor railroads no longer rain trains over the strip of land for operation of a railway line, the easement terminated.

23.    Many of the owners bringing this case are in *exactly* the same situation as those owners in the *Rogers* litigation whose land had once also been subject to the easement Adrian Honore granted Seaboard. Thus, for these owners, the federal government's liability has already been litigated and unequivocally established in the *Rogers* litigation. The outstanding issue yet to be determined is the specific compensation due each landowner.

24.    For the other owners whose chain of title goes back to a different fee owner (other than Adrian Honore) who granted Seaboard the original railroad right-of-way easement, the result is the same. To wit: The Seaboard Air Line Railway was granted only an easement and the owner of the fee estate and his successors-in-title retained the "reversionary" interest in the fee estate.

## THE PARTIES

### A.    The Sarasota County Florida Landowners.

The named individuals, families and small businesses herein, as well as other similarly situated landowners, are the present-day owners of that land in Sarasota County Florida which the federal government took for the northern extension of the Legacy Trail. Each of these owners holds title to the fee estate in that land subject to the Board's order invoking section 8(d) of the Trails Act.

### 4023 Sawyer Road I, LLC (4023 Sawyer Road I)

1.    4023 Sawyer Road I acquired property in Sarasota County, Florida on May 13, 2013 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2013068678. A copy of this deed is attached as **Exhibit 5**.

2.      4023 Sawyer Road I's property is identified by Sarasota County as parcel #0070-07-0059.  A copy of the tax record for this property is attached as **Exhibit 6.**

3.      4023 Sawyer Road I's property abuts and underlies the former Seaboard railroad right-of-way, and, by reason of the Board's invocation of section 8(d) of the Trails Act, now subject to an easement for public recreation and railbanking.

4.      4023 Sawyer Road I owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Douglas and Cynthia G. Abbott (Abbott Family)**

5.      The Abbott family acquired property in Sarasota County, Florida on July 1, 1973 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1011, Pg 129. A copy of this deed is attached as **Exhibit 7**.

6.      The Abbott family's property is identified by Sarasota County as parcel #0061-10-0039.  A copy of the tax record for this property is attached as **Exhibit 8**.

7.      The Abbott family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

8.      The Abbott family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Julia R. Adkins and Austin C. Murphy (Adkins/Murphy Family)**

9.      The Adkins/Murphy family acquired property in Sarasota County, Florida on October 25, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as Instrument #2018142357.  A copy of this deed is attached as **Exhibit 9**.

10.    The Adkins/Murphy family's property is identified by Sarasota County as parcel #0071-16-0052.  A copy of the tax record for this property is attached as **Exhibit 10**.

11.    The Adkins/Murphy family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

12.    The Adkins/Murphy family owned its property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Randal S. and Joyce S. Albritton (Albritton Family)**

13.    The Albritton family acquired property in Sarasota County, Florida on June 25, 1997 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2986, Pg 732.  A copy of this deed is attached as **Exhibit 11.**

14.    The Albritton family's property is identified by Sarasota County as parcel #0071-16-0076.  A copy of the tax record for this property is attached as **Exhibit 12**.

15.    The Albritton family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

16.    The Albritton family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Louis L. Alderman, Jr., As Trustee of the Louis. L. Alderman 2013 Revocable Trust (Alderman Family)**

17.    The Alderman family acquired property in Sarasota County, Florida on February 8, 2016 by that order recorded in the Sarasota Recorder of Deed's office as instrument #2016015009.  A copy of this order is attached as **Exhibit 13**.

18.    The Alderman family's property is identified by Sarasota County as parcel #0071-09-0002.  A copy of the tax record for this property is attached as **Exhibit 14**.

19.    The Alderman familys' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

20.    The Alderman family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Neal and Jo Atchley (Atchley Family)**

21.    The Atchley family acquired property in Sarasota County, Florida on May 20, 1998 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1998076067.  A copy of this deed is attached as **Exhibit 15**.

22.    The Atchley family's property is identified by Sarasota County as parcel #0060-11-0086.  A copy of the tax record for this property is attached as **Exhibit 16**.

23.    The Atchley family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

24.    The Atchley family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Kerwin and Judy Baker (Baker Family)**

25.    The Baker Family acquired property in Sarasota County, Florida on May 10, 1977 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1172, Pg 1073.  A copy of this deed is attached as **Exhibit 17**.

26.    The Baker family's property is identified by Sarasota County as parcel #0060-03-0035.  A copy of the tax record for this property is attached as **Exhibit 18.**

27.    The Baker family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

28.    The Baker family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Steve E. Bishop (Bishop)**

29.    Bishop acquired property in Sarasota County, Florida on May 11, 2016 by that order recorded in the Sarasota Recorder of Deed's office as instrument #2016059009. A copy of this order is attached as **Exhibit 21**.

30.    Bishop's is identified by Sarasota County as parcel #2031-13-0074. A copy of the tax record for this property is attached as **Exhibit 22**.

31.    Bishop's property abuts and underlies the former Seaboard railroad right-of-way, and, by reason of the Board's invocation of section 8(d) of the Trails Act, now subject to an easement for public recreation and railbanking.

32.    Bishop owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Bradley Blum Morrison (Blum Morrison)**

33.    Blum Morrison acquired property in Sarasota County, Florida on March 22, 2017 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2017036198. A copy of this deed is attached as **Exhibit 23**.

34.    Blum Morrison's property is identified by Sarasota County as parcel #2034-03-0080. A copy of the tax record for this property is attached as **Exhibit 24**.

35.    Blum Morrison's property abuts and underlies the former Seaboard railroad right-of-way, and, by reason of the Board's invocation of section 8(d) of the Trails Act, now subject to an easement for public recreation and railbanking.

36.    Blum Morrison owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Geoffrey L. Bolton (Bolton)**

37.    Bolton acquired property in Sarasota County, Florida on May 16, 2016 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2016065509. A copy of this deed is attached as **Exhibit 25**.

38.    Bolton's property is identified by Sarasota County as parcel #0070-07-0019. A copy of the tax record for this property is attached as **Exhibit 26.**

39.    Bolton's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

40.    Bolton owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Ray and Ella Bontrager (Bontrager Family)**

41.    The Bontrager family acquired property in Sarasota County, Florida on March 26, 1998 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3087, Pg 1232. A copy of this deed is attached as **Exhibit 27**.

42.    The Bontrager family's property is identified by Sarasota County as parcel #0053-04-0010. A copy of the tax record for this property is attached as **Exhibit 28.**

43.     The Bontrager family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

44.     The Bontrager family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Dominic D. and Kathleen M. Booth (Booth Family)**

45.     The Booth family acquired property in Sarasota County, Florida on May 15, 2007 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2007082500.  A copy of this deed is attached as **Exhibit 29**.

46.     The Booth family's property is identified by Sarasota County as parcel #2029-15-0046.  A copy of the tax record for this property is attached as **Exhibit 30.**

47.     The Booth family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

48.     The Booth family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Ersila Borchert (Borchert)**

49.     Borchert acquired property in Sarasota County, Florida on July 3, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001113080. A copy of this deed is attached as **Exhibit 31**.

50.     Borchert's property is identified by Sarasota County as parcel #0060-03-0047.  A copy of the tax record for this property is attached as **Exhibit 32.**

51.    Borchert's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

52.    Borchert owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Karen E. Bowser (Bowser)**

53.    Bowser acquired property in Sarasota County, Florida on November 25, 1997 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3039, Pg 2307. A copy of this deed is attached as **Exhibit 35**.

54.    Bowser's property is identified by Sarasota County as parcel #0061-07-0049.  A copy of the tax record for this property is attached as **Exhibit 36**.

55.    Bowser's property abuts and underlies the former Seaboard railroad right-of-way, and, by reason of the Board's invocation of section 8(d) of the Trails Act, now subject to an easement for public recreation and railbanking.

56.    Bowser owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Ralph R. and Dale Marie Braun (Braun Family)**

57.    The Braun family acquired property in Sarasota County, Florida on November 14, 2014 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2014137125.  A copy of this deed is attached as **Exhibit 37**.

58.    The Braun family's property is identified by Sarasota County as parcel #0053-14-0035.  A copy of the tax record for this property is attached as **Exhibit 38**.

59.    The Braun family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

60.    The Braun family owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Jeffrey C. Doyle, As Trustee of the Wallace David Brunton Testamentary Trust (Brunton Family)**

61.    The Brunton family acquired property in Sarasota County, Florida on August 26, 2013 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2013126542.  A copy of this deed is attached as **Exhibit 39**.

62.    The Brunton family's property is identified by Sarasota County as parcel #2031-02-1366.  A copy of the tax record for this property is attached as **Exhibit 40**.

63.    The Brunton family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

64.    The Brunton family owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Sean and Darcy Byrnes (Byrnes Family)**

65.    The Byrnes family acquired property in Sarasota County, Florida on April 30, 2004 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2004083629.  A copy of this deed is attached as **Exhibit 41**.

66.    The Byrnes family's property is identified by Sarasota County as parcel #2029-15-0045.  A copy of the tax record for this property is attached as **Exhibit 42.**

67.    The Byrnes family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

68.    The Byrnes family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Carol Caldwell (Caldwell)**

69.    Caldwell acquired property in Sarasota County, Florida on February 22, 2006 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2006034183.  A copy of this deed is attached as **Exhibit 43**.

70.    Caldwell's property is identified by Sarasota County as parcel #0060-03-0041.  A copy of the tax record for this property is attached as **Exhibit 44**.

71.    Caldwell's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

72.    Caldwell owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Endia K. and Gary Callahan (Callahan Family)**

73.    The Callahan family acquired property in Sarasota County, Florida on January 31, 2005 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2005020764.  A copy of this deed is attached as **Exhibit 45**.

74.    The Callahan family's property is identified by Sarasota County as parcel #0071-16-0068.  A copy of the tax record for this property is attached as **Exhibit 46**.

75. The Callahan family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

76. The Callahan family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Martin Carrillo-Plata (Carrillo-Plata)**

77. Carrillo-Plata acquired property in Sarasota County, Florida on August 26, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2002142842. A copy of this deed is attached as **Exhibit 47**.

78. Carrillo-Plata's property is identified by Sarasota County as parcel #0070-02-0021. A copy of the tax record for this property is attached as **Exhibit 48.**

79. Carrillo-Plata's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

80. Carrillo-Plata owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Gary L. Cathey and Victoria L. Goodrich (Cathey/Goodrich Family)**

81. The Cathey/Goodrich family acquired property in Sarasota County, Florida on June 21, 2013 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2013087733. A copy of this deed is attached as **Exhibit 49**.

82. The Cathey/Goodrich family's property is identified by Sarasota County as parcel #2031-02-1370. A copy of the tax record for this property is attached as **Exhibit 50.**

83.    The Cathey/Goodrich family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

84.    The Cathey/Goodrich family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**James M. and Jeneve S. Cawley (Cawley Family)**

85.    The Cawley family acquired property in Sarasota County, Florida on September 5, 1980 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1391, Pg 1155.  A copy of this deed is attached as **Exhibit 51**.

86.    The Cawley family's property is identified by Sarasota County as parcel #0060-11-0088.  A copy of the tax record for this property is attached as **Exhibit 52.**

87.    The Cawley family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

88.    The Cawley family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**John and Joanne Cisler (Cisler Family)**

89.    The Cisler family acquired property in Sarasota County, Florida on October 6, 1977 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1197, Pg 1507.  A copy of this deed is attached as **Exhibit 53**.

90.    The Cisler family's property is identified by Sarasota County as parcel #0070-10-0039.  A copy of the tax record for this property is attached as **Exhibit 54.**

91.     The Cisler family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

92.     The Cisler family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Amy Roseann Coats and Darrin Lee Johnson (Coats/Johnson Family)**

93.     The Coats/Johnson family acquired property in Sarasota County, Florida on September 24, 2012 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2012125734.  A copy of this deed is attached as **Exhibit 55**.

94.     The Coats/Johnson family's property is identified by Sarasota County as parcel #0060-14-0089.  A copy of the tax record for this property is attached as **Exhibit 56.**

95.     The Coats/Johnson family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

96.     The Coats/Johnson family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Steven R. and Virginia M. Courtenay (Courtenay Family)**

97.     The Courtenay family acquired property in Sarasota County, Florida on August 1, 1988 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2069, Pg 1795.  A copy of this deed is attached as **Exhibit 57**.

98.     The Courtenay family's property is identified by Sarasota County as parcel #0070-15-0018.  A copy of the tax record for this property is attached as **Exhibit 58.**

99.    The Courtenay family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

100.    The Courtenay family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Crabapple Enterprise, LLC (Crabapple)**

101.    Crabapple acquired property in Sarasota County, Florida on September 27, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2018130416.  A copy of this deed is attached as **Exhibit 59**.

102.    Crabapple's property is identified by Sarasota County as parcel #0054-03-0018.  A copy of the tax record for this property is attached as **Exhibit 60.**

103.    Crabapple's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

104.    Crabapple owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Frank T. Crotsley (Crotsley)**

105.    Crotsley acquired property in Sarasota County, Florida on July 10, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001098293.  A copy of this deed is attached as **Exhibit 61**.

106.    Crotsley's property is identified by Sarasota County as parcel #0053-04-0010.  A copy of the tax record for this property is attached as **Exhibit 62.**

107.    Crotsley's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

108.    Crotsley owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Joseph and Dorothy D'Angelo, As Trustees of the D'Angelo Family Revocable Trust (D'Angelo Family)**

109.    The D'Angelo family acquired property in Sarasota County, Florida on September 9, 2016 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2016130694.  A copy of this deed is attached as **Exhibit 63**.

110.    The D'Angelo family's property is identified by Sarasota County as parcel #0053-14-0034.  A copy of the tax record for this property is attached as **Exhibit 64.**

111.    The D'Angelo family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

112.    The D'Angelo family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Craig B. and Cynthia D. Dickie (Dickie Family)**

113.    The Dickie family acquired property in Sarasota County, Florida on January 26, 1978 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1220, Pg 860.  A copy of this deed is attached as **Exhibit 65**.

114.    The Dickie family's property is identified by Sarasota County as parcel #0053-04-0006.  A copy of the tax record for this property is attached as **Exhibit 66.**

115.     The Dickie family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

116.     The Dickie family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Thomas and Michelle M. Dodson (Dodson Family)**

117.     The Dodson family acquired property in Sarasota County, Florida on December 31, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2003009776.  A copy of this deed is attached as **Exhibit 67**.

118.     The Dodson family's property is identified by Sarasota County as parcel #0052-04-0026.  A copy of the tax record for this property is attached as **Exhibit 68.**

119.     The Dodson family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

120.     The Dodson family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Wanda Donner, As Trustee of the Wanda Donner Living Trust (Donner Family)**

121.     The Donner family acquired property in Sarasota County, Florida on June 6, 2012 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2012073019.  A copy of this deed is attached as **Exhibit 69**.

122.     The Donner family's property is identified by Sarasota County as parcel #0060-11-0061.  A copy of the tax record for this property is attached as **Exhibit 70.**

123.    The Donner family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

124.    The Donner family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Pamela Driggs (Driggs)**

125.    Driggs acquired property in Sarasota County, Florida on July 14, 2006 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2006129583. A copy of this deed is attached as **Exhibit 71**.

126.    Driggs' property is identified by Sarasota County as parcel #0053-14-0037. A copy of the tax record for this property is attached as **Exhibit 72.**

127.    Driggs' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

128.    Driggs owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Elise J. Duranceau (Duranceau)**

129.    Duranceau acquired property in Sarasota County, Florida on December 18, 1998 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1999000544.  A copy of this deed is attached as **Exhibit 73**.

130.    Duranceau's property is identified by Sarasota County as parcel #0070-07-0018.  A copy of the tax record for this property is attached as **Exhibit 74.**

131.    Duranceau's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

132.    Duranceau owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Zoila Emanuelli, As Trustee of The Zoila Emanuelli Revocable Trust (Emanuelli)**

133.    Emanuelli acquired property in Sarasota County, Florida on December 14, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2018166507.  A copy of this deed is attached as **Exhibit 75**.

134.    Emanuelli's property is identified by Sarasota County as parcel #0053-06-0035.  A copy of the tax record for this property is attached as **Exhibit 76.**

135.    Emanuelli's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

136.    Emanuelli owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Denise Doucette Erb and Lorraine E. Colby (Erb/Colby Family)**

137.    The Erb/Colby family acquired property in Sarasota County, Florida on March 15, 2010 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2010032441.  A copy of this deed is attached as **Exhibit 77**.

138.    The Erb/Colby family's property is identified by Sarasota County as parcel #2031-13-0073.  A copy of the tax record for this property is attached as **Exhibit 78.**

139.    The Erb/Colby family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

140.    The Erb/Colby family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**John Ermilio (Ermilio)**

141.    Ermilio acquired property in Sarasota County, Florida on April 1, 2005 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2005067913. A copy of this deed is attached as **Exhibit 79**.

142.    Ermilio's property is identified by Sarasota County as parcel #2029-15-0035.  A copy of the tax record for this property is attached as **Exhibit 80.**

143.    Ermilio's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

144.    Ermilio owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Thomas M. and Joyce R. Fay (Fay Family)**

145.    The Fay family acquired property in Sarasota County, Florida on April 24, 2015 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2015050295.  A copy of this deed is attached as **Exhibit 81**.

146.    The Fay family's property is identified by Sarasota County as parcel #2031-02-1337.  A copy of the tax record for this property is attached as **Exhibit 82.**

147.    The Fay family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

148.    The Fay family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Bernadette Feragola (Feragola)**

149.    Feragola acquired property in Sarasota County, Florida on February 2, 1994 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2681, Pg 566.  A copy of this deed is attached as **Exhibit 83**.

150.    Feragola's property is identified by Sarasota County as parcel #0061-07-0047.  A copy of the tax record for this property is attached as **Exhibit 84.**

151.    Feragola's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

152.    Feragola owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Steven P. and Linda A. Finehout (Finehout Family)**

153.    The Finehout family acquired property in Sarasota County, Florida on June 13, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001087217.  A copy of this deed is attached as **Exhibit 85**.

154.    The Finehout family's property is identified by Sarasota County as parcel #2029-15-0034.  A copy of the tax record for this property is attached as **Exhibit 86.**

155.    The Finehout family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

156.    The Finehout family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Mark T. and Angela D. Flaherty (Flaherty Family)**

157.    The Flaherty family acquired property in Sarasota County, Florida on May 7, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001062943.  A copy of this deed is attached as **Exhibit 87**.

158.    The Flaherty family's property is identified by Sarasota County as parcel #0061-07-0097.  A copy of the tax record for this property is attached as **Exhibit 88.**

159.    The Flaherty family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

160.    The Flaherty family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**John W. and Christine L. Fordham (Fordham Family)**

161.    The Fordham family acquired property in Sarasota County, Florida on April 13, 2004 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2004077664.  A copy of this deed is attached as **Exhibit 89**.

162.    The Fordham family's property is identified by Sarasota County as parcel #2034-03-0083.  A copy of the tax record for this property is attached as **Exhibit 90.**

163.    The Fordham family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

164.    The Fordham family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Cosimo Fragomeni (Fragomeni)**

165.    Fragomeni acquired property in Sarasota County, Florida on February 27, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2018027910.  A copy of this deed is attached as **Exhibit 91**.

166.    Fragomeni's property is identified by Sarasota County as parcel #0053-03-0034.  A copy of the tax record for this property is attached as **Exhibit 92.**

167.    Fragomeni's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

168.    Fragomeni owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Sharon L. Gallagher, As Trustee of the Sharon L. Gallagher Revocable Trust (Gallagher Family)**

169.    The Gallagher family acquired property in Sarasota County, Florida on April 1, 2005 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2005066079.  A copy of this deed is attached as **Exhibit 93**.

170.    The Gallagher family's property is identified by Sarasota County as parcel #0060-03-0045.  A copy of the tax record for this property is attached as **Exhibit 94.**

171.    The Gallagher family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

172.    The Gallagher family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Michelle Garcia (Garcia)**

173.    Garcia acquired property in Sarasota County, Florida on October 13, 2006 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2006072135.  A copy of this deed is attached as **Exhibit 95**.

174.    Garcia's property is identified by Sarasota County as parcel #0053-06-0003. A copy of the tax record for this property is attached as **Exhibit 96.**

175.    Garcia's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

176.    Garcia owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Donald L. Geary, As Trustee of the Donald L. Geary Revocable Trust (Geary Family)**

177.    The Geary family acquired property in Sarasota County, Florida on April 3, 1998 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3091, Pg 1559. A copy of this deed is attached as **Exhibit 97**.

178.    The Geary family's property is identified by Sarasota County as parcel #0060-03-0048.  A copy of the tax record for this property is attached as **Exhibit 98.**

179. The Geary family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

180. The Geary family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Ann T. Geraghty (Geraghty)**

181. Geraghty acquired property in Sarasota County, Florida on June 15, 1989 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2130, Pg 2751. A copy of this deed is attached as **Exhibit 99**.

182. Geraghty's property is identified by Sarasota County as parcel #0053-06-0046. A copy of the tax record for this property is attached as **Exhibit 100.**

183. Geraghty's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

184. Geraghty owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Roman T. and Carolyn F. Graber, As Trustees of the Roman and Carolyn Graber Revocable Trust (Graber Family)**

185. The Graber family acquired property in Sarasota County, Florida on December 13, 2012 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2012166099. A copy of this deed is attached as **Exhibit 101**.

186. The Graber family's property is identified by Sarasota County as parcel #0060-06-0072. A copy of the tax record for this property is attached as **Exhibit 102.**

187.    The Graber family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

188.    The Graber family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**GPG Limited, LLC (GPG)**

189.    GPG acquired property in Sarasota County, Florida on Decemb23 27, 2017 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2017159525.  A copy of this deed is attached as **Exhibit 103**.

190.    GPG's property is identified by Sarasota County as parcel #0053-06-0004. A copy of the tax record for this property is attached as **Exhibit 104.**

191.    GPG's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

192.    GPG owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**William and Brooke Grames (Grames Family)**

193.    The Grames family acquired property in Sarasota County, Florida on September 30, 1999 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1999135985.  A copy of this deed is attached as **Exhibit 105**.

194.    The Grames family's property is identified by Sarasota County as parcel #0089-01-0055.  A copy of the tax record for this property is attached as **Exhibit 106.**

195.    The Grames family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

196.    The Grames family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Catherine Teresa Gray (Gray)**

197.    Gray acquired property in Sarasota County, Florida on February 18, 2016 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2016020898.  A copy of this deed is attached as **Exhibit 107**.

198.    Gray's property is identified by Sarasota County as parcel #0054-04-0007. A copy of the tax record for this property is attached as **Exhibit 108.**

199.    Gray's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

200.    Gray owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Vincent and Karen Guglielmini (Guglielmini Family)**

201.    The Guglielmini family acquired property in Sarasota County, Florida on March 30, 2000 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2000040518.  A copy of this deed is attached as **Exhibit 109**.

202.    The Guglielmini family's property is identified by Sarasota County as parcel #0070-02-0019.  A copy of the tax record for this property is attached as **Exhibit 110.**

203.    The Guglielmini family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

204.    The Guglielmini family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Joshua Carroll Hackney (Hackney)**

205.    Hackney acquired property in Sarasota County, Florida on February 13, 2015 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2015017186.  A copy of this deed is attached as **Exhibit 111**.

206.    Hackney's property is identified by Sarasota County as parcel #0054-04-0006.  A copy of the tax record for this property is attached as **Exhibit 112.**

207.    Hackney's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

208.    Hackney owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Renate B. Harkavy (Harkavy)**

209.    Harkavy acquired property in Sarasota County, Florida on November 25, 1996 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2915, Pg 600. A copy of this deed is attached as **Exhibit 113**.

210.    Harkavy's property is identified by Sarasota County as parcel #0060-06-0068.  A copy of the tax record for this property is attached as **Exhibit 114.**

211.    Harkavy's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

212.    Harkavy owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Alvin L. and Michelle L. Harrell, Jr. (Harrell Family)**

213.    The Harrell family acquired property in Sarasota County, Florida on August 30, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001125987.  A copy of this deed is attached as **Exhibit 115**.

214.    The Harrell family's property is identified by Sarasota County as parcel #0060-03-0049.  A copy of the tax record for this property is attached as **Exhibit 116.**

215.    The Harrell family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

216.    The Harrell family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Noel K. Harris (Harris)**

217.    Harris acquired property in Sarasota County, Florida on February 6, 1998 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3065, Pg 2072.  A copy of this deed is attached as **Exhibit 117**.

218.    Harris' property is identified by Sarasota County as parcel #0070-07-0014.  A copy of the tax record for this property is attached as **Exhibit 118.**

219.    Harris' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

220.    Harris owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Garnett D. and Stephanie S. Hayes (Hayes Family)**

221.    The Hayes family acquired property in Sarasota County, Florida on August 13, 1979 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1323, Pg 1760.  A copy of this deed is attached as **Exhibit 119**.

222.    The Hayes family's property is identified by Sarasota County as parcel #0061-10-0034.  A copy of the tax record for this property is attached as **Exhibit 120.**

223.    The Hayes family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

224.    The Hayes family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Stephen A. Heard (Heard)**

225.    Heard acquired property in Sarasota County, Florida on June 30, 1998 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1998090018. A copy of this deed is attached as **Exhibit 121**.

226.    Heard's property is identified by Sarasota County as parcel #0053-03-0033. A copy of the tax record for this property is attached as **Exhibit 122.**

227.    Heard's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

228.    Heard owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Wayne A. and Joyce O. Hibbs, Jr. (Hibbs Family)**

229.    The Hibbs family acquired property in Sarasota County, Florida on February 2, 1994 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2597, Pg 13.  A copy of this deed is attached as **Exhibit 123**.

230.    The Hibbs family property is identified by Sarasota County as parcel #0061-07-0046.  A copy of the tax record for this property is attached as **Exhibit 124.**

231.    The Hibbs family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

232.    The Hibbs family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Angelo and Sarah J. Hoag (Hoag Family)**

233.    The Hoag family acquired property in Sarasota County, Florida on February 27, 1998 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3076, Pg 488.  A copy of this deed is attached as **Exhibit 125**.

234.    The Hoag family's property is identified by Sarasota County as parcel #0089-01-0057.  A copy of the tax record for this property is attached as **Exhibit 126.**

235.    The Hoag family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

236.    The Hoag family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Michael A. and Janel K. Huckleberry (Huckleberry Family)**

237.    The Huckleberry family acquired property in Sarasota County, Florida on January 28, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2002114612.  A copy of this deed is attached as **Exhibit 127**.

238.    The Huckleberry family's property is identified by Sarasota County as parcel #0054-02-0024.  A copy of the tax record for this property is attached as **Exhibit 128.**

239.    The Huckleberry family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

240.    The Huckleberry family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Larry E. Hudspeth (Hudspeth)**

241.    Hudspeth acquired property in Sarasota County, Florida on May 13, 2005 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2005127134.  A copy of this deed is attached as **Exhibit 129**.

242.    Hudspeth's property is identified by Sarasota County as parcel #0070-02-0018.  A copy of the tax record for this property is attached as **Exhibit 130.**

243.    Hudspeth's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

244.    Hudspeth owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Gary P. Hurst (Hurst)**

245.    Hurst acquired property in Sarasota County, Florida on February 1, 1988 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2012, Pg 1961.  A copy of this deed is attached as **Exhibit 131**.

246.    Hurst's property is identified by Sarasota County as parcel #2029-14-0011. A copy of the tax record for this property is attached as **Exhibit 132.**

247.    Hurst's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

248.    Hurst owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Paul K. and Daphne J. Hutchison (Hutchison Family)**

249.    The Hutchison family acquired property in Sarasota County, Florida on July 27, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001109114.  A copy of this deed is attached as **Exhibit 133**.

250.    The Hutchison family's property is identified by Sarasota County as parcel #0060-03-0044.  A copy of the tax record for this property is attached as **Exhibit 134.**

251.    The Hutchison family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

252.    The Hutchison family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Izmirlian Properties, LLC (Izmirlian)**

253.    Izmirlian acquired property in Sarasota County, Florida on October 27, 2003 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2003217579.  A copy of this deed is attached as **Exhibit 135**.

254.    Izmirlian's property is identified by Sarasota County as parcel #0061-15-0010.  A copy of the tax record for this property is attached as **Exhibit 136.**

255.    Izmirlian's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

256.    Izmirlian owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Jacetrace, LLC (Jacetrace)**

257.    Jacetrace acquired property in Sarasota County, Florida on April 9, 2013 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2013126773. A copy of this deed is attached as **Exhibit 137**.

258.    Jacetrace's property is identified by Sarasota County as parcel #0053-11-0056.  A copy of the tax record for this property is attached as **Exhibit 138.**

259.    Jacetrace's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

260.    Jacetrace owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**JB Holdings of Sarasota L.L.C. (JB Holdings)**

261.    JB Holdings acquired property in Sarasota County, Florida on November 11, 2004 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2004242142.  A copy of this deed is attached as **Exhibit 139**.

262.    JB Holdings' property is identified by Sarasota County as parcel #0052-04-0001.  A copy of the tax record for this property is attached as **Exhibit 140.**

263.    JB Holdings' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

264.    JB Holdings owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Daniel L. and Kristin Jadush (Jadush Family)**

265.    The Jadush family acquired property in Sarasota County, Florida on June 28, 1999 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1999091182.  A copy of this deed is attached as **Exhibit 141**.

266.    The Jadush family's property is identified by Sarasota County as parcel #0071-08-0026.  A copy of the tax record for this property is attached as **Exhibit 142.**

267.    The Jadush family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

268.    The Jadush family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Bob Allen and Lori Ann Jefferson (Jefferson Family)**

269.    The Jefferson family acquired property in Sarasota County, Florida on November 8, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2002193892.  A copy of this deed is attached as **Exhibit 143**.

270.    The Jefferson family's property is identified by Sarasota County as parcel #0052-05-0009.  A copy of the tax record for this property is attached as **Exhibit 144.**

271.    The Jefferson family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

272.    The Jefferson family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Linda L. Jones (Jones)**

273.    Jones acquired property in Sarasota County, Florida on April 16, 1998 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3095, Pg 2099.  A copy of this deed is attached as **Exhibit 145**.

274.    Jones' property is identified by Sarasota County as parcel #0060-06-0077.  A copy of the tax record for this property is attached as **Exhibit 146.**

275.    Jones' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

276.    Jones owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Deborah Keck (Keck)**

277.    Keck acquired property in Sarasota County, Florida on August 16, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2002142453. A copy of this deed is attached as **Exhibit 147**.

278.    Keck's property is identified by Sarasota County as parcel #0053-11-0052. A copy of the tax record for this property is attached as **Exhibit 148.**

279.    Keck's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

280.    Keck owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Kenneth J. and Margaret A. Kellner (Kellner Family)**

281.    The Kellner family acquired property in Sarasota County, Florida on December 15, 1997 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3046, Pg 2108.  A copy of this deed is attached as **Exhibit 149**.

282.    The Kellner family's property is identified by Sarasota County as parcel #0070-15-0040.  A copy of the tax record for this property is attached as **Exhibit 150.**

283.    The Kellner family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

284.    The Kellner family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Brian J. and Cheryl A. Key (Key Family)**

285.    The Key family acquired property in Sarasota County, Florida on April 9, 1993 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2496, Pg 2676. A copy of this deed is attached as **Exhibit 151**.

286.    The Key family's property is identified by Sarasota County as parcel #0054-02-0025.  A copy of the tax record for this property is attached as **Exhibit 152.**

287.    The Key family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

288.    The Key family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**James and Diane Kostan (Kostan Family)**

289.    The Kostan family acquired property in Sarasota County, Florida on December 16, 2011 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2011148625.  A copy of this deed is attached as **Exhibit 153**.

290.    The Kostan family's property is identified by Sarasota County as parcel #0053-14-0002.  A copy of the tax record for this property is attached as **Exhibit 154.**

291.    The Kostan family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

292.    The Kostan family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Myrtle Krause (Krause)**

293.    Krause acquired property in Sarasota County, Florida on October 1, 1967 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 695, Pg 227. A copy of this deed is attached as **Exhibit 155**.

294.    Krause's property is identified by Sarasota County as parcel #0061-15-0012. A copy of the tax record for this property is attached as **Exhibit 156.**

295.    Krause's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

296.    Krause owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Michael and Vivian Kravchak (Kravchak Family)**

297.    The Kravchak family acquired property in Sarasota County, Florida on September 3, 2008 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2008119603. A copy of this deed is attached as **Exhibit 157**.

298.    The Kravchak family's property is identified by Sarasota County as parcel #0054-04-0004. A copy of the tax record for this property is attached as **Exhibit 158.**

299.    The Kravchak family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

300.    The Kravchak family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Lake Sawyer Two, LLC (Lake Sawyer)**

301.    Lake Sawyer acquired property in Sarasota County, Florida on October 23, 2009 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2009133039.  A copy of this deed is attached as **Exhibit 159**.

302.    Lake Sawyer's property is identified by Sarasota County as parcel #0053-11-0053.  A copy of the tax record for this property is attached as **Exhibit 160.**

303.    Lake Sawyer's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

304.    Lake Sawyer owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Keith R. and Mary M. Leeseberg (Leeseberg Family)**

305.    The Leeseberg family acquired property in Sarasota County, Florida on May 26, 1978 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1239, Pg 1140.  A copy of this deed is attached as **Exhibit 161**.

306.    The Lesseberg family's property is identified by Sarasota County as parcel #0053-06-0043.  A copy of the tax record for this property is attached as **Exhibit 162.**

307.    The Leeseberg family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

308.    The Leeseberg family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Lewma Enterprise, Inc. (Lewma)**

309.    Lewma acquired property in Sarasota County, Florida on December 29, 1986 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1912, Pg 86. A copy of this deed is attached as **Exhibit 163**.

310.    Lewma's property is identified by Sarasota County as parcels #2034-02-0001 and #2034-02-0003.  A copy of the tax record for this property is attached as **Exhibit 164.**

311.    Lewma's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

312.    Lewma owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Muriel L. Locklear (Locklear)**

313.    Locklear acquired property in Sarasota County, Florida on May 13, 2016 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2016064400.  A copy of this deed is attached as **Exhibit 165**.

314.    Locklear's property is identified by Sarasota County as parcel #0054-01-0015.  A copy of the tax record for this property is attached as **Exhibit 166.**

315.    Locklear's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

316.    Locklear owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Patrick J. and Lisa A. Loyet (Loyet Family)**

317.    The Loyet family acquired property in Sarasota County, Florida on January 30, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001013964.  A copy of this deed is attached as **Exhibit 167**.

318.    The Loyet family's property is identified by Sarasota County as parcel #0070-15-0037.  A copy of the tax record for this property is attached as **Exhibit 168.**

319.    The Loyet family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

320.    The Loyet family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Tammy Lynn (Lynn)**

321.    Lynn acquired property in Sarasota County, Florida on November 10, 2000 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2000143779.  A copy of this deed is attached as **Exhibit 169**.

322.    Lynn's property is identified by Sarasota County as parcel #0054-03-0016.  A copy of the tax record for this property is attached as **Exhibit 170.**

323.    Lynn's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

324.    Lynn owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Douglas P. and Maria A. Luff (Luff Family)**

325.    The Luff family acquired property in Sarasota County, Florida on March 15, 2017 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2017042099.  A copy of this deed is attached as **Exhibit 171**.

326.    The Luff family's property is identified by Sarasota County as parcel #0053-14-0001.  A copy of the tax record for this property is attached as **Exhibit 172.**

327.    The Luff family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

328.    The Luff family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Linda Lyon (Lyon)**

329.    Lyon acquired property in Sarasota County, Florida on August 27, 2010 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2010109110. A copy of this deed is attached as **Exhibit 173**.

330.    Lyon's property is identified by Sarasota County as parcel #0061-07-0042. A copy of the tax record for this property is attached as **Exhibit 174.**

331.    Lyon's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

332.    Lyon owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Shirley I. Manfredo (Manfredo)**

333.    Manfredo acquired property in Sarasota County, Florida on July 1, 1984 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1700, Pg 1766.  A copy of this deed is attached as **Exhibit 175**.

334.    Manfredo's property is identified by Sarasota County as parcel #0053-03-0037.  A copy of the tax record for this property is attached as **Exhibit 176.**

335.    Manfredo's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

336.    Manfredo owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Cheryl A. Marchand and Candace A. Magiera (Marchand/Magiera Family)**

337.    The Marchand/Magiera family acquired property in Sarasota County, Florida on April 29, 2014 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2014050567.  A copy of this deed is attached as **Exhibit 177**.

338.    The Marchand/Magiera family's property is identified by Sarasota County as parcel #0053-11-0059.  A copy of the tax record for this property is attached as **Exhibit 178.**

339.    The Marchand/Magiera family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

340.    The Marchand/Magiera family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Thomas W. Marchese (Marchese)**

341.    Marchese acquired property in Sarasota County, Florida in January 1996 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2814, Pg 346.  A copy of this deed is attached as **Exhibit 179**.

342.    Marchese's property is identified by Sarasota County as parcel #0071-08-0029.  A copy of the tax record for this property is attached as **Exhibit 180.**

343.    Marchese's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

344.    Marchese owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Kim A. and Sheila E. Marshall, As Trustees of the Kim A. and Sheila E. Marshall Trust (Marshall Family)**

345.    The Marshall family acquired property in Sarasota County, Florida on January 3, 2014 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2014001914.  A copy of this deed is attached as **Exhibit 181**.

346.    The Marshall family's property is identified by Sarasota County as parcel #0060-03-0038.  A copy of the tax record for this property is attached as **Exhibit 182.**

347.    The Marshall family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

348.    The Marshall family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**William Martell III (Martell)**

349.    Martell acquired property in Sarasota County, Florida on August 29, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2018115852.  A copy of this deed is attached as **Exhibit 183**.

350.    Martell's property is identified by Sarasota County as parcel #0054-03-0003.  A copy of the tax record for this property is attached as **Exhibit 184.**

351.    Martell's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

352.    Martell owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Reuben S. and Kathy J. Martin (Martin Family)**

353.    The Martin family acquired property in Sarasota County, Florida on March 8, 2012 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2012030938.  A copy of this deed is attached as **Exhibit 185**.

354.    The Martin family's property is identified by Sarasota County as parcel #0070-15-0036.  A copy of the tax record for this property is attached as **Exhibit 186.**

355.    The Martin family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

356.    The Martin family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Suzanne McDonald (McDonald)**

357.    McDonald acquired property in Sarasota County, Florida on April 4, 2003 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2003065592.  A copy of this deed is attached as **Exhibit 189**.

358.    McDonald's property is identified by Sarasota County as parcel #2029-14-0006.  A copy of the tax record for this property is attached as **Exhibit 190.**

359.    McDonald's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

360.    McDonald owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Jason J. and Karen McGuire (McGuire Family)**

361.    The McGuire family acquired property in Sarasota County, Florida on September 27, 2002 and December 30, 2016 by those deeds recorded in the Sarasota Recorder of Deed's office as instrument #2002160479 and #2017003201.  A copy of these deeds is attached as **Exhibit 191**.

362.    The McGuire family's property is identified by Sarasota County as parcels #0070-15-0038 and #0070-15-0039.  A copy of the tax records for these properties is attached as **Exhibit 192.**

363. The McGuire family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

364. The McGuire family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Michael McLaughlin (McLaughlin)**

365. McLaughlin acquired property in Sarasota County, Florida on October 14, 2014 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2014125553. A copy of this deed is attached as **Exhibit 193**.

366. McLaughlin's property is identified by Sarasota County as parcel #0054-02-0037. A copy of the tax record for this property is attached as **Exhibit 194.**

367. McLaughlin's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

368. McLaughlin owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Michael L. Morgan (Morgan)**

369. Morgan acquired property in Sarasota County, Florida on January 31, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001014430. A copy of this deed is attached as **Exhibit 195**.

370. Morgan's property is identified by Sarasota County as parcel #0060-14-0080. A copy of the tax record for this property is attached as **Exhibit 196.**

371.    Morgan's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

372.    Morgan owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Sue Moulton (Moulton)**

373.    Moulton acquired property in Sarasota County, Florida on January 20, 1977 and December 29, 1997 by those deeds recorded in the Sarasota Recorder of Deed's office in Bk 1154, Pg 2012 and Bk 3050, Pg 1766.  A copy of these deeds is attached as **Exhibit 197**.

374.    Moulton's property is identified by Sarasota County as parcels #0071-16-0061 and #0071-16-0064.  A copy of the tax records for these properties is attached as **Exhibit 198.**

375.    Moulton's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

376.    Moulton owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Timothy and Mary Murphy (Murphy Family)**

377.    The Murphy family acquired property in Sarasota County, Florida on April 22, 2016 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2016051643.  A copy of this deed is attached as **Exhibit 199**.

378.    The Murphy family's property is identified by Sarasota County as parcel #0071-02-0007.  A copy of the tax record for this property is attached as **Exhibit 200.**

379.    The Murphy family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

380.    The Murphy family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**James Kirt, Nicholas James, and Christopher Andrew Nalefski (Nalefski Family)**

381.    The Nalefski family acquired property in Sarasota County, Florida on September 17, 2007 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2007145342.  A copy of this deed is attached as **Exhibit 201**.

382.    The Nalefski family's property is identified by Sarasota County as parcel #0071-07-0027.  A copy of the tax record for this property is attached as **Exhibit 202.**

383.    The Nalefski family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

384.    The Nalefski family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Javier Nieto and Maylen Negrin (Nieto/Negrin Family)**

385.    The Nieto/Negrin family acquired property in Sarasota County, Florida on October 31, 2017 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2017134945.  A copy of this deed is attached as **Exhibit 203**.

386.    The Nieto/Negrin family's property is identified by Sarasota County as parcel #0053-06-0039.  A copy of the tax record for this property is attached as **Exhibit 204.**

387.    The Nieto/Negrin family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

388.    The Nieto/Negrin family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Barbara A. Nikias (Nikias)**

389.    Nikias acquired property in Sarasota County, Florida on August 27, 2008 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2008124710.  A copy of this deed is attached as **Exhibit 205**.

390.    Nikias' property is identified by Sarasota County as parcel #0053-06-0044.  A copy of the tax record for this property is attached as **Exhibit 206.**

391.    Nikias' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

392.    Nikias owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Elmer H. and Lena M. Nolt, As Trustees of the Elmer H. Nolt and Lena M. Nolt Revocable Living Trust (Nolt Family)**

393.    The Nolt family acquired property in Sarasota County, Florida on August 1, 2012 by those deeds recorded in the Sarasota Recorder of Deed's office as instrument #2012101507 and #2012101508.  A copy of this deed is attached as **Exhibit 207**.

394.    The Nolt family's property is identified by Sarasota County as parcels #0053-14-0006 and #0053-14-0007.  A copy of the tax record for this property is attached as **Exhibit 208.**

395.    The Nolt family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

396.    The Nolt family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Gregory B. Nowak (Nowak)**

397.    Nowak acquired property in Sarasota County, Florida on April 7, 2006 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2006100010. A copy of this deed is attached as **Exhibit 209**.

398.    Nowak's property is identified by Sarasota County as parcel #0061-10-0030.  A copy of the tax record for this property is attached as **Exhibit 210.**

399.    Nowak's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

400.    Nowak owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Perry M. and Pamela S. O'Connor (O'Connor Family)**

401.    The O'Connor family acquired property in Sarasota County, Florida on June 14, 1977 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1177, Pg 1477.  A copy of this deed is attached as **Exhibit 211**.

402.    The O'Connor family's property is identified by Sarasota County as parcel #0089-01-0070.  A copy of the tax record for this property is attached as **Exhibit 212.**

403.    The O'Connor family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

404.    The O'Connor family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Sueko O'Connor (O'Connor)**

405.    O'Connor acquired property in Sarasota County, Florida on June 10, 1981 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1446, Pg 1932.  A copy of this deed is attached as **Exhibit 213**.

406.    O'Connor's property is identified by Sarasota County as parcel #0089-01-0064.  A copy of the tax record for this property is attached as **Exhibit 214.**

407.    O'Connor's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

408.    O'Connor owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Michele and Dorothy Ann Paradiso (Paradiso Family)**

409.    The Paradiso family acquired property in Sarasota County, Florida on December 10, 1993 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2580, Pg 1322.  A copy of this deed is attached as **Exhibit 215**.

410.    The Paradiso family's property is identified by Sarasota County as parcel #0070-15-0017.  A copy of the tax record for this property is attached as **Exhibit 216.**

411. The Paradiso family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

412. The Paradiso family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Ryan R. Parker (Parker)**

413. Parker acquired property in Sarasota County, Florida on July 28, 2014 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2014089163. A copy of this deed is attached as **Exhibit 217**.

414. Parker's property is identified by Sarasota County as parcel #0061-07-0044. A copy of the tax record for this property is attached as **Exhibit 218.**

415. Parker's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

416. Parker owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Thomas Pearson (Pearson)**

417. Pearson acquired property in Sarasota County, Florida on December 16, 1999 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1999167996. A copy of this deed is attached as **Exhibit 219**.

418. Pearson's property is identified by Sarasota County as parcel #0071-01-0042. A copy of the tax record for this property is attached as **Exhibit 220.**

419.     Pearson's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

420.     Pearson owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Todd and Carmen Perna (Perna Family)**

421.     The Perna family acquired property in Sarasota County, Florida on May 31, 2001 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2001076138.  A copy of this deed is attached as **Exhibit 221**.

422.     The Perna family's property is identified by Sarasota County as parcel #0071-01-0046.  A copy of the tax record for this property is attached as **Exhibit 222.**

423.     The Perna family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

424.     The Perna family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Patricia Lynne Pitts-Hamilton (Pitts-Hamilton)**

425.     Pitts-Hamilton acquired property in Sarasota County, Florida on May 8, 2003 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2003093077.  A copy of this deed is attached as **Exhibit 223**.

426.     Pitts-Hamilton's property is identified by Sarasota County as parcel #0089-01-0069.  A copy of the tax record for this property is attached as **Exhibit 224.**

427.    Pitts-Hamilton's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

428.    Pitts-Hamilton owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Pro Properties, LLC (Pro Properties)**

429.    Pro Properties acquired property in Sarasota County, Florida on August 1, 2003 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2003163542.  A copy of this deed is attached as **Exhibit 225**.

430.    Pro Properties' property is identified by Sarasota County as parcel #0089-16-0005.  A copy of the tax record for this property is attached as **Exhibit 226.**

431.    Pro Properties' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

432.    Pro Properties owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**James Procopio (Procopio)**

433.    Procopio acquired property in Sarasota County, Florida on May 7, 2013 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2013149357.  A copy of this deed is attached as **Exhibit 227**.

434.    Procopio's property is identified by Sarasota County as parcel #2029-16-0078.  A copy of the tax record for this property is attached as **Exhibit 228.**

435.    Procopio's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

436.    Procopio owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Anthony and Karen Puccio (Puccio Family)**

437.    The Puccio family acquired property in Sarasota County, Florida on October 30, 1998 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1998148167.  A copy of this deed is attached as **Exhibit 229**.

438.    The Puccio family's property is identified by Sarasota County as parcel #0052-04-0027.  A copy of the tax record for this property is attached as **Exhibit 230.**

439.    The Puccio family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

440.    The Puccio family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Shirley P. Ramsey (Ramsey)**

441.    Ramsey acquired property in Sarasota County, Florida on December 21, 1992 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2465, Pg 651.  A copy of this deed is attached as **Exhibit 231**.

442.    Ramsey's property is identified by Sarasota County as parcel #2034-03-0089.  A copy of the tax record for this property is attached as **Exhibit 232.**

443.     Ramsey's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

444.     Ramsey owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Justin M. Reslan (Reslan)**

445.     Reslan acquired property in Sarasota County, Florida on September 9, 2016 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2016113227.  A copy of this deed is attached as **Exhibit 233**.

446.     Reslan's property is identified by Sarasota County as parcel #0070-02-0022.  A copy of the tax record for this property is attached as **Exhibit 234.**

447.     Reslan's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

448.     Reslan owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Allen B. and Mary Ann E. Rieke (Rieke Family)**

449.     The Rieke family acquired property in Sarasota County, Florida on March 21, 1986 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1843, Pg 2610.  A copy of this deed is attached as **Exhibit 235**.

450.     The Rieke family's property is identified by Sarasota County as parcel #0071-16-0072.  A copy of the tax record for this property is attached as **Exhibit 236.**

451.    The Rieke family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

452.    The Rieke family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Michael A. Ritchie (Ritchie)**

453.    Ritchie acquired property in Sarasota County, Florida on July 18, 2005 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2005159410. A copy of this deed is attached as **Exhibit 237**.

454.    Ritchie's property is identified by Sarasota County as parcel #0071-16-0070.  A copy of the tax record for this property is attached as **Exhibit 238.**

455.    Ritchie's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

456.    Ritchie owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Keith E. Rollins and Lisa J. Paxin-Rollins (Rollins Family)**

457.    The Rollins family acquired property in Sarasota County, Florida on October 11, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2002176746.  A copy of this deed is attached as **Exhibit 239**.

458.    The Rollins family's property is identified by Sarasota County as parcel #0052-04-0033.  A copy of the tax record for this property is attached as **Exhibit 240.**

459.    The Rollins family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

460.    The Rollins family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Faye M. Rood (Rood)**

461.    Rood acquired property in Sarasota County, Florida on October 23, 2009 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2009132354.  A copy of this deed is attached as **Exhibit 241**.

462.    Rood's property is identified by Sarasota County as parcel #2031-13-0077. A copy of the tax record for this property is attached as **Exhibit 242.**

463.    Rood's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

464.    Rood owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Donald and Meredith Jeanne Ruth (Ruth Family)**

465.    The Ruth family acquired property in Sarasota County, Florida on December 15, 1993 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2584, Pg 177.  A copy of this deed is attached as **Exhibit 243**.

466.    The Ruth family's property is identified by Sarasota County as parcel #0052-12-0015.  A copy of the tax record for this property is attached as **Exhibit 244.**

467.    The Ruth family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

468.    The Ruth family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**David  G. Sadler (Sadler)**

469.    Sadler family acquired property in Sarasota County, Florida on September 8, 1992 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2434, Pg 1273.  A copy of this deed is attached as **Exhibit 245**.

470.    Sadler's property is identified by Sarasota County as parcel #2029-15-0043. A copy of the tax record for this property is attached as **Exhibit 246.**

471.    Sadler's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

472.    Sadler owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Lawrence D. and Veronica D. Salzman (Salzman Family)**

473.    The Salzman family acquired property in Sarasota County, Florida on July 23, 2004 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2004147047.  A copy of this deed is attached as **Exhibit 247**.

474.    The Salzman family's property is identified by Sarasota County as parcel #0053-14-0038.  A copy of the tax record for this property is attached as **Exhibit 248.**

475. The Salzman family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

476. The Salzman family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Brian T. Sanborn (Sanborn)**

477. Sanborn acquired property in Sarasota County, Florida on December 16, 2008 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2008163879. A copy of this deed is attached as **Exhibit 249**.

478. Sanborn's property is identified by Sarasota County as parcel #0052-04-0032. A copy of the tax record for this property is attached as **Exhibit 250.**

479. Sanborn's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

480. Sanborn owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Sarasota County Agricultural Fair Association (Sarasota Fair)**

481. Sarasota Fair acquired property in Sarasota County, Florida prior to May 14, 2019.

482. Sarasota Fair's property is identified by Sarasota County as parcel #2031-04-0006. A copy of the tax record for this property is attached as **Exhibit 251.**

483. Sarasota Fair's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

484.    Sarasota Fair owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Chad, Grace, and Robert Schaeffer (Schaeffer Family)**

485.    The Schaeffer family acquired property in Sarasota County, Florida on January 27, 2017 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2017011618.  A copy of this deed is attached as **Exhibit 252**.

486.    The Schaeffer family's property is identified by Sarasota County as parcel #0071-07-0024.  A copy of the tax record for this property is attached as **Exhibit 253.**

487.    The Schaeffer family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

488.    The Schaeffer family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Brian N. Seymour (Seymour)**

489.    Seymour acquired property in Sarasota County, Florida on August 20, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2002136382.  A copy of this deed is attached as **Exhibit 254**.

490.    Seymour's property is identified by Sarasota County as parcel #0061-10-0036.  A copy of the tax record for this property is attached as **Exhibit 255.**

491.    Seymour's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

492.    Seymour owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Faith H. Simolari, As Trustee of the Philip Simolari Revocable Trust (Simolari Family)**

493.    The Simolari family acquired property in Sarasota County, Florida on December 12, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2019010377.  A copy of this deed is attached as **Exhibit 256**.

494.    The Simolari family's property is identified by Sarasota County as parcel #0070-07-0039.  A copy of the tax record for this property is attached as **Exhibit 257.**

495.    The Simolari family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

496.    The Simolari family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Wilbur O. Smith (Smith)**

497.    Smith acquired property in Sarasota County, Florida on July 19, 1983 and December 1, 2008 by that deed and affidavit recorded in the Sarasota Recorder of Deed's office as Bk 1604, Pg 1692 and instrument #2008155079.  A copy of this deed is attached as **Exhibit 258**.

498.    Smith's property is identified by Sarasota County as parcel #0061-10-0035. A copy of the tax record for this property is attached as **Exhibit 259.**

499.    Smith's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

500.    Smith owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Rickey Smull (Smull)**

501.    Smull acquired property in Sarasota County, Florida on June 30, 2010 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2010081589. A copy of this deed is attached as **Exhibit 260**.

502.    Smull's property is identified by Sarasota County as parcel #0054-04-0017. A copy of the tax record for this property is attached as **Exhibit 261.**

503.    Smull's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

504.    Smull owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**David Stebbins (Stebbins)**

505.    Stebbins acquired property in Sarasota County, Florida on October 29, 1997 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3031, Pg 2087.  A copy of this deed is attached as **Exhibit 262**.

506.    Stebbins' property is identified by Sarasota County as parcel #2029-15-0040.  A copy of the tax record for this property is attached as **Exhibit 263.**

507.    Stebbins' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

508.    Stebbins owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Hubert Steenbakkers and Monita A. Whitney (Steenbakkers/Whitney Family)**

509.    The Steenbakkers/Whitney family acquired property in Sarasota County, Florida on October 16, 2017 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2017129520.  A copy of this deed is attached as **Exhibit 264**.

510.    The Steenbakkers/Whitney family's property is identified by Sarasota County as parcel #2029-16-0076.  A copy of the tax record for this property is attached as **Exhibit 265.**

511.    The Steenbakkers/Whitney family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

512.    The Steenbakker/Whitney family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Vera Straniere Ferris (Straniere Ferris)**

513.    Straniere Ferris acquired property in Sarasota County, Florida on November 9, 1989 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2165, Pg 2754.  A copy of this deed is attached as **Exhibit 266**.

514.    Straniere Ferris' property is identified by Sarasota County as parcel #0061-07-0048.  A copy of the tax record for this property is attached as **Exhibit 267.**

515.    Straniere Ferris property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

516.    Straniere Ferris owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Paul W. Hoerning and Courtney Joachim (Hoerning/Joachim Family)**

517.    The Hoerning/Joachim family acquired property in Sarasota County, Florida on November 8, 2016 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2016142803.  A copy of this deed is attached as **Exhibit 268**.

518.    The Hoerning/Joachim family's property is identified by Sarasota County as parcel #2029-14-0014.  A copy of the tax record for this property is attached as **Exhibit 269.**

519.    The Hoerning/Joachim family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

520.    The Hoerning/Joachim family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Suzanne M. Thornburg (Thornburg)**

521.    Thornburg acquired property in Sarasota County, Florida on January 31, 2005 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2005020764.  A copy of this deed is attached as **Exhibit 270**.

522.    Thornburg's property is identified by Sarasota County as parcel #0061-10-0031.  A copy of the tax record for this property is attached as **Exhibit 271.**

523.    Thornburg's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

524.    Thornburg owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**James H. and Glenda G. Thornton (Thornton Family)**

525.    The Thornton family acquired property in Sarasota County, Florida on March 14, 1977 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1166, Pg 1783.  A copy of this deed is attached as **Exhibit 272**.

526.    The Thornton family's property is identified by Sarasota County as parcel #0089-01-0051.  A copy of the tax record for this property is attached as **Exhibit 273.**

527.    The Thornton family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

528.    The Thornton family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**James J. Tutsock and Mary J. McQueen (Tutsock/McQueen Family)**

529.    The Tutsock/McQueen family acquired property in Sarasota County, Florida on November 30, 1988 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2080, Pg 2192.  A copy of this deed is attached as **Exhibit 274**.

530.    The Tutsock/McQueen family's property is identified by Sarasota County as parcel #0053-06-0034.  A copy of the tax record for this property is attached as **Exhibit 275.**

531.    The Tutsock/McQueen family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

532.    The Tutsock/McQueen family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**J. Michael and Mary Elizabeth Tweed (Tweed Family)**

533.    The Tweed family acquired property in Sarasota County, Florida on July 1, 2015 and March 9, 2018 by those deeds recorded in the Sarasota Recorder of Deed's office as instrument #2015081452 and #2018030510.   A copy of these deeds is attached as **Exhibit 276**.

534.    The Tweed family's property is identified by Sarasota County as parcel #0070-10-0049.  A copy of the tax record for this property is attached as **Exhibit 277.**

535.    The Tweed family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

536.    The Tweed family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Patricia E., Richard E. and Jonathan L. Varley (Varley Family)**

537.    The Varley family acquired property in Sarasota County, Florida on October6, 2014 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2014120464.  A copy of this deed is attached as **Exhibit 278**.

538.    The Varley family's property is identified by Sarasota County as parcel #2029-14-0017.  A copy of the tax record for this property is attached as **Exhibit 279.**

539.    The Varley family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

540.    The Varley family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Enos N. and Anna Mary Weaver, Jr. (Weaver Family)**

541.    The Weaver family acquired property in Sarasota County, Florida on October 20, 2009 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2009135589.  A copy of this deed is attached as **Exhibit 280**.

542.    The Weaver family's property is identified by Sarasota County as parcel #0054-02-0012.  A copy of the tax record for this property is attached as **Exhibit 281.**

543.    The Weaver's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

544.    The Weaver family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Kenneth D. and Susan K. Wells (Wells Family)**

545.    The Wells family acquired property in Sarasota County, Florida on November 29, 1995 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2797, Pg 1925.  A copy of this deed is attached as **Exhibit 282**.

546.    The Wells family's property is identified by Sarasota County as parcel #0071-07-0025.  A copy of the tax record for this property is attached as **Exhibit 283.**

547.    The Wells family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

548.    The Wells family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**David A. and Anna I. Ruiz-Welsher (Welsher Family)**

549.    The Welsher family acquired property in Sarasota County, Florida on October 26, 1990 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2251, Pg 2434.  A copy of this deed is attached as **Exhibit 284**.

550.    The Welsher family's property is identified by Sarasota County as parcel #0071-16-0071.  A copy of the tax record for this property is attached as **Exhibit 285.**

551.    The Welsher family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

552.    The Welsher family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Paul Wicha (Wicha)**

553.    Wicha acquired property in Sarasota County, Florida on May 22, 2015 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2015070649.  A copy of this deed is attached as **Exhibit 286**.

554.    Wicha's property is identified by Sarasota County as parcel #0061-10-0038.  A copy of the tax record for this property is attached as **Exhibit 287.**

555.    Wicha's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

556.    Wicha owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Brad D. and Patricia T. Wilson (Wilson Family)**

557.    The Wilson family acquired property in Sarasota County, Florida on April 1, 1994 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2618, Pg 942.  A copy of this deed is attached as **Exhibit 288**.

558.    The Wilson family's property is identified by Sarasota County as parcel #0061-06-0006.  A copy of the tax record for this property is attached as **Exhibit 289.**

559.    The Wilson family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

560.    The Wilson family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Robert J. and Maureen C. Wilson (Wilson Family)**

561.    The Wilson family acquired property in Sarasota County, Florida on September 11, 1978 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 1259, Pg 1604.  A copy of this deed is attached as **Exhibit 290**.

562.    The Wilson family's property is identified by Sarasota County as parcel #0053-06-0038.  A copy of the tax record for this property is attached as **Exhibit 291.**

563.    The Wilson family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

564.    The Wilson family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Theresa A. Wilson (Wilson)**

565.    Wilson acquired property in Sarasota County, Florida on May 5, 2010 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2010055929. A copy of this deed is attached as **Exhibit 292**.

566.    Wilson property is identified by Sarasota County as parcel #0053-06-0042. A copy of the tax record for this property is attached as **Exhibit 293.**

567.    Wilson's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

568.    Wilson owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Zbigniew and Wislawa Wrobel (Wrobel Family)**

569.    The Wrobel family acquired property in Sarasota County, Florida on August 15, 1995 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 2769, Pg 2460.  A copy of this deed is attached as **Exhibit 294**.

570.    The Wrobel family's property is identified by Sarasota County as parcel #0071-01-0043.  A copy of the tax record for this property is attached as **Exhibit 295.**

571.    The Wrobel family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

572.    The Wrobel family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Jennifer Yager (Yager)**

573.    Yager acquired property in Sarasota County, Florida on March 31, 2009 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2009043331. A copy of this deed is attached as **Exhibit 296**.

574.    Yager's property is identified by Sarasota County as parcel #0053-06-0041. A copy of the tax record for this property is attached as **Exhibit 297.**

575.    Yager's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

576.    Yager owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Travis Marc and Elizabeth Marie Yoder (Yoder Family)**

577.    The Yoder family acquired property in Sarasota County, Florida on October 11, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2018135878.  A copy of this deed is attached as **Exhibit 298**.

578.    The Yoder family's property is identified by Sarasota County as parcel #0053-14-0004.  A copy of the tax record for this property is attached as **Exhibit 299.**

579.    The Yoder family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

580.    The Yoder family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Stephen and Margaret Zawacki (Zawacki Family)**

581.    The Zawacki family acquired property in Sarasota County, Florida on March 31, 1999 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1999046741.  A copy of this deed is attached as **Exhibit 300**.

582.    The Zawacki family's property is identified by Sarasota County as parcel #0070-10-0037.  A copy of the tax record for this property is attached as **Exhibit 301.**

583.    The Zawacki family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

584.    The Zawacki family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Orvie W. and Marie M. Zimmerman and Emery Mary Ellen Yoder (Zimmerman/Yoder Family)**

585.    The Zimmerman/Yoder family acquired property in Sarasota County, Florida on May 1, 2015 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2015055163.  A copy of this deed is attached as **Exhibit 302**.

586.    The Zimmerman/Yoder family's property is identified by Sarasota County as parcel #0053-04-0009.  A copy of the tax record for this property is attached as **Exhibit 303.**

587.    The Zimmerman/Yoder family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

588.    The Zimmerman/Yoder family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Timothy J. and Dana Zizak (Zizak Family)**

589.    The Zizak family acquired property in Sarasota County, Florida on November 26, 2002 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2002201727.  A copy of this deed is attached as **Exhibit 304**.

590.    The Zizak family's property is identified by Sarasota County as parcel #0061-07-0050.  A copy of the tax record for this property is attached as **Exhibit 305.**

591.    The Zizak family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

592.    The Zizak family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**3153 Novus Court, LLC (3153 Novus Court)**

593.    3153 Novus Court acquired property in Sarasota County, Florida on February 13, 2019 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2019025666.  A copy of this deed is attached as **Exhibit 306**.

594.    3153 Novus Court's property is identified by Sarasota County as parcel #0054-03-0005.  A copy of the tax record for this property is attached as **Exhibit 307.**

595.    3153 Novus Court's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

596.    3153 Novus Court owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Anna Marie Martin (Martin)**

597.    Martin acquired property in Sarasota County, Florida on November 17, 2008 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2008152145.  A copy of this deed is attached as **Exhibit 308**.

598.    Martin's property is identified by Sarasota County as parcel #0052-04-0041.  A copy of the tax record for this property is attached as **Exhibit 309.**

599.    Martin's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

600.    Martin owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Jose Sierra Testi-Martinez and Clara A. Myers (Testi-Martinez/Myers Family)**

601.    The Testi-Martinez/Myers family acquired property in Sarasota County, Florida on October 5, 2017 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2017124630.  A copy of this deed is attached as **Exhibit 310**.

602.    The Testi-Martinez/Myers family's property is identified by Sarasota County as parcel #0053-06-0006.  A copy of the tax record for this property is attached as **Exhibit 311.**

603.    The Testi-Martinez/Myers family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

604.    The Testi-Martinez/Myers family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Cameron W. and Carol T. McGough (McGough Family)**

605.    The McGough family acquired property in Sarasota County, Florida on October 25, 2011 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2011124834.  A copy of this deed is attached as **Exhibit 312**.

606.    The McGough family's property is identified by Sarasota County as parcel #0054-04-0003.  A copy of the tax record for this property is attached as **Exhibit 313.**

607.    The McGough family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

608.    The McGrough family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Troy Alvis (Alvis)**

609.    Alvis acquired property in Sarasota County, Florida on May 18, 1998 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #1998074793.  A copy of this deed is attached as **Exhibit 314**.

610.    Alvis' property is identified by Sarasota County as parcel #0061-07-0043.  A copy of the tax record for this property is attached as **Exhibit 315.**

611.    Alvis' property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

612.    Alvis owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Judy H. Johnson (Johnson)**

613.    Johnson acquired property in Sarasota County, Florida on January 19, 1998 by that deed recorded in the Sarasota Recorder of Deed's office in Bk 3058, Pg 933.  A copy of this deed is attached as **Exhibit 316**.

614.    Johnson's property is identified by Sarasota County as parcel #0089-16-0006.  A copy of the tax record for this property is attached as **Exhibit 317.**

615.    Johnson's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

616.    Johnson owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Carl G. and Tobie L. DeSantis (Desantis Family)**

617.    The DeSantis family acquired property in Sarasota County, Florida on November 30, 2012 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2012159969.  A copy of this deed is attached as **Exhibit 318**.

618.    The DeSantis family's property is identified by Sarasota County as parcel #0060-14-0084.  A copy of the tax record for this property is attached as **Exhibit 319.**

619.    The DeSantis family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

620.    The DeSantis family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Kassandra Luebke and Elaine Luebke (Luebke Family)**

621.    On April 15, 2019 the Luebke Family entered into a final an fully-executed agreement to acquire residential property from Clay and Nancy Johansson.  The property is described as Parcel ID number 0089-01-0054 with the street address of 4830 Harris Avenue, Sarasota County, Florida.  A copy of this agreement is attached as **Exhibit 320.**

622.    The only contingency in the agreement was a financing contingency that ran to the benefit of the Luebke Family.  This contingency was satisfied on March 7, 2019 with a loan pre-approval and, in any event, could have only been waived by the Luebke Family and not by the Johansson family.  Thus, before May 14, 2019 (the date the Board issued its order invoking section 8(d) of the Trails Act), Clay and Nancy Johansson were contractually obligated to sell the property to the Luebke Family.

623.    As such, under Florida law, the Luebke Family held equitable title to 4830 Harris Avenue property *before* the Board invoked section 8(d) of the Trails Act on May 14, 2019.

> Buyers under both [a legal and equitable] agreement are equally entitled to specific performance to have a court of equity require the seller to specifically perform the agreement and to convey the legal title to the purchaser as contemplated by the agreement. This legally enforceable contractual right to receive legal title to the land is sometimes called an equitable title. Such an equitable title means the right in equity to acquire the legal title by an action for specific performance.
>
> *Henry v. Ecker*,
> 415 So.2d 137, 141 (Fla. App. 5th Dist. 1982)[11]

---

[11] See also *Cain & Bultman, Inc. v. Miss Sam, Inc.,* 409 So.2d 114, 119 (Fla. App. 5th Dist., 1982) ("In real property law theory, upon execution of such a contract the purchaser is considered to thereby acquire the equitable title to the property.")    And see, *Redevelopment Agency v. City of Stockton v. BNSF Ry. Co.*, 1643 F.3d 668 (9th Cir., 2011), ("The doctrine of equitable conversion generally provides that when a valid executory land sales contract is entered into, the purchaser becomes the equitable owner of the land.")  (Applying California law and quoting *Parr–Richmond Indus. Corp. v. Boyd*, 272 P.2d 16 (1954) ("An unconditional contract for the sale of land, of which

624.    The Luebke Family's property abuts and underlies the former Seaboard railroad right-of-way, and, by reason of the Board invoking section 8(d) of the Trails Act, the Luebke Family's property is now subject to an easement for public recreation and railbanking.

**Martin and Carol Frances Graber (Graber Family)**

625.    The Graber family acquired property in Sarasota County, Florida on May 14, 2012 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2012071896.  A copy of this deed is attached as **Exhibit 321**.

626.    The Graber family's property is identified by Sarasota County as parcel #0053-04-0004.  A copy of the tax record for this property is attached as **Exhibit 322.**

627.    The Graber family's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

628.    The Graber family owned their property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Martin Graber (Graber)**

629.    Graber acquired property in Sarasota County, Florida on May 2, 2007 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #2007073191. A copy of this deed is attached as **Exhibit 323**.

---

specific performance would be decreed, grants the purchaser equitable title, and equity considers him the owner.") And *Alhambra Redevelopment Agency v. Transamerica Fin. Servs.*, 212   Cal.App.3d   1370,   1376,   (1989) ("By   the execution   of   a valid enforceable contract to sell real estate the vendee becomes the equitable owner of the title....").

630.    Graber's property is identified by Sarasota County as parcel #0053-04-0005.  A copy of the tax record for this property is attached as **Exhibit 324.**

631.    Graber's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

632.    Graber owned his property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**Cheryl A. Del Pozzo Gallagher (Gallagher)**

633.    Gallagher acquired property in Sarasota County, Florida on February 28, 2018 by that deed recorded in the Sarasota Recorder of Deed's office as instrument #201802984.  A copy of this deed is attached as **Exhibit 325**.

634.    Gallagher's property is identified by Sarasota County as parcel #0053-11-0054.  A copy of the tax record for this property is attached as **Exhibit 326.**

635.    Gallagher's property abuts and underlies the former Seaboard railroad right-of-way, and by reason of the Board's invocation of section 8(d) of the Trails Act, is now subject to an easement for public recreation and railbanking.

636.    Gallagher owned her property on May 14, 2019 which is when the Board invoked section 8(d) of the federal Trails Act.

**B.      The Defendant.**

53.    The United States of America is the defendant.  The federal government took these Florida owners' land for a public recreational trail and railbanking by an order of the federal Surface Transportation Board invoking section 8(d) of the federal Trails Act.

54.    The Federal Circuit, sitting *en banc*, explained: "that Trails Act takings were the responsibility of the federal government. [W]e conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government. … The Federal Government authorized and controlled the behavior of the State [here Sarasota County] in this matter, and the consequences properly fall there." *Preseault I*, 100 F.3d at 1531.

## CAUSES OF ACTION

### COUNT I

*An action for "Just Compensation" under the Fifth Amendment*
*to the United States Constitution.*

The federal government took these Florida owners' property and the Just Compensation Clause of the Fifth Amendment of our Constitution requires the federal government to pay these owners for what the government took.

1.    Congress amended the Trails Act in 1983 for the explicit purpose of authorizing the Interstate Commerce Commission (now the Board) to take an owner's state-law right to unencumbered title and possession of the owner's land.  Congress intended section 8(d), when invoked, to impose new and different easements upon the owner's land and to perpetuate the Board's jurisdiction over the owner's land.[12]

---

[12]  See *Preseault I* and *Trevarton v. South Dakota,* 817 F.3d 1081, 1087 (8th Cir. 2016) (holding the invocation of section 8(d) imposes a new and different easement upon the owner's land).  See also *Citizens Against Rails-to-Trails v. Surface Transp. Bd.*, 267 F.3d 1144, 1149 (D.C. Cir. 2001) and *Nat'l Wildlife Found. v. Interstate Commerce Comm'n*, 850 F.2d 694, 697-98 (D.C. Cir. 1988) (explaining that Congress intended to extinguish owners' state-law property rights).

2.      In *Preseault I*, the Supreme Court found the Trails Act to be constitutional because it was an exercise of Congress's eminent domain authority.  By exercising its eminent domain power Congress could enact section 8(d) of the Trails Act and allow the Board to redefine existing state-law property interests and take private property for public recreation and railbanking.

3.      But, the Supreme Court continued, the Fifth Amendment requires the United States to justly compensate owners for the value of that property taken when the government invokes section 8(d).  Justice Brennan wrote for a unanimous Court:

> This language [section 8(d)] gives rise to a takings question in the typical rails-to-trails case because many railroads do not own their rights-of-way outright but rather hold them under easements or similar property interests. While the terms of these easements and applicable state law vary, frequently the easements provide that the property reverts to the abutting landowner upon abandonment of rail operations.  State law generally governs the disposition of reversionary interests …  By deeming interim trail use to be like discontinuance rather than abandonment, Congress prevented property interests from reverting under state law.

*Preseault I*, 494 U.S. at 8.[13]

4.      The Supreme Court explained, "This language gives rise to a takings questions in the typical rails-to-trails case because many railroads do not own their rights-of-way outright but rather hold them under easements or similar property interests.  While the terms of these easements and applicable state law vary, frequently the easements provide that the property reverts to the abutting landowner upon abandonment of rail operations.  State law generally governs the disposition of reversionary interests …" 494 U.S. at 7.  In short, the Supreme Court held section 8(d) of the Trails Act was constitutional

---

[13]  Citations omitted.

because the owner could obtain that "just compensation" the Fifth Amendment mandates by bringing a claim in the Court of Federal Claims.

5.    Justice O'Connor (joined by Kennedy and Scalia) concurred to emphasize "[A] sovereign, 'by *ipse dixit*, may not transform private property into public property without compensation . . . This is the very kind of thing that the Taking Clause of the Fifth Amendment was meant to prevent.'"  *Id.* at 23 (quoting *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1012 (1984) which in turn quoted *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 164 (1980)).[14]

6.    The *en banc* Federal Circuit followed *Preseault I* and, in *Preseault III,* ruled that, "if [an owner has] interests under state property law that have traditionally been recognized and protected from governmental expropriation, and if, over their objection, the Government chooses to occupy or otherwise acquire those interests, the Fifth Amendment compels compensation. … The taking of possession of the lands owned by the [owner] for use as a public trail was in effect a taking of a new easement for that new use, for which the landowners are entitled to compensation. … a new easement for the new use, constituting a physical taking of the right of exclusive possession that belonged to the [landowner]." 100 F.3d at 1550.

7.    Judge Rader further explained, "while federal legislation may alter the terms of the [a landowner's] property rights defined and created by state law, it cannot do so without giving just compensation.  The Federal Government has the power to enact legislation that affects the [owner's] right to freely use or possess land.  But the

---

[14]  In *Stop the Beach Renourishment, Inc. v. Florida*, 560 U.S. 702, 713 (2010), the Court reaffirmed its holding that the government "effect[s] a taking if they recharacterize as public property what was previously private property."

Government cannot use this power for uncompensated, piecemeal usurpation of the rights of property owners, such that with each transfer of the property the purchaser loses sticks within the original bundle of rights yet remains without Constitutional recourse.  Simply, when the Federal Government intrudes upon a property owner's right of use or possession of property, the Federal Government must pay just compensation." *Id* at 1553.

8.    The Federal Circuit further held:

> [W]e conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government … In the case before us there was a similar physical entry upon the private lands of the [property owners], acting under the Federal Government's authority pursuant to the ICC's [now STB's] Order.  That it was for a valued public use is not the issue.  We have here a straightforward taking of private property for a public use for which just compensation must be paid.

9.    In *Ellamae Phillips*, 564 F.3d at 1373, a panel of the Federal Circuit summarized the Federal Circuit's *en banc* holding in *Preseault II* and noted the federal government's liability turns upon three questions:

> (1) [W]ho owns the strip of land involved, specifically, whether the railroad acquired only an easement or obtained a fee simple estate;
>
> (2) [I]f the railroad acquired only an easement, were the terms of the easement limited to use for railroad purposes, or did they include future use as a public recreational trail (scope of the easement); and
>
> (3) [E]ven if the grant of the railroad's easement was broad enough to encompass a recreational trail, had this easement terminated prior to the alleged taking so that the property owner at the time held a fee simple unencumbered by the easement (abandonment of the easement).[15]

10.    Under the explicit terms of Adrian Honore's grant of a right-of-way easement to Seaboard and under Florida law, these present-day Florida landowners: 1) owned the land and the railroad held only an easement, 2) the railroad held only a right to

---

[15] See note 14, *supra.*

operate a railway across the strip of land and the railroad did not have any right to sell or transfer the land to a non-railroad for public recreation or railbanking; and, 3) whatever interest Seaboard and its successor railroads held in the right-of-way easement unequivocally terminated when the railroad no longer operated a railway across the strip land.

11.    An easement for the operation of a railroad is entirely different than an easement for public recreation.  The Federal Circuit explained this fundamental point when it held:

> It is elementary law that if the Government uses (or authorizes the use of— a point to be considered later) an existing railroad easement for purposes and in a manner not allowed by the terms of the grant of the easement, the Government has taken the landowner's property for the new use. The consent of the railroad to the new use does not change the equation—the railroad cannot give what it does not have.
>
> And it appears beyond cavil that use of these easements for a recreational trail—for walking, hiking, biking, picnicking, frisbee playing, with newly-added tarmac pavement, park benches, occasional billboards, and fences to enclose the trailway—is not the same use made by a railroad, involving tracks, depots, and the running of trains. The different uses create different burdens. In the one case there was an occasional train passing through (no depots or turntables or other appurtenances are involved on these rights of way). In the other, individuals or groups use the property, some passing along the trail, others pausing to engage in activities for short or long periods of time. In the one case, the landowner could make such uses of the property as were not inconsistent with the railroad's use, crossing over the tracks, putting a fruit stand on one edge of the property, or whatever.  In the other, the government fenced the trail in such a way as to deny that access.
>
> Some might think it better to have people strolling on one's property than to have a freight train rumbling through.  But that is not the point. The landowner's grant authorized one set of uses, not the other.  Under the law, it is the landowner's intention as expressed in the grant that defines the burden to which the land will be subject.  The Government does not dispute this proposition—the Government agrees that, consistent with the state's law, the landowner's grant defines the burden with which the land is burdened.

*Toews v. United States,*

376 F.3d 1371, 1376-77 (Fed. Cir. 2004).

12.     But for the Board invoking section 8(d) of the Trails Act, these Florida landowners would have held and enjoyed unencumbered title and these owners would have had exclusive right to possess their property free of any easement for recreational trail use or railbanking.

13.     The federal government's liability was established when the Board issued its order invoking section 8(d) of the Trails Act on May 14, 2019.  In *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), *Barclay v. United States*, 443 F.3d 1368 (2006), and *Illig v. United States,* 274 Fed. Appx. 883 (2008), *cert. denied* 557 U.S. 935 (2009). See also Solicitor General Kagan's Brief for the United States in Opposition to Petition of Writ of Certiorari, *Illig v. United States,* 2009 WL 1526939.  In *Barclay* the Federal Circuit held that an owner's right to compensation in a Trails Act taking arises when the Board first issues its order invoking section 8(d).  Specifically, Judge Dyk of the Federal Circuit wrote:

> The taking, if any, when a railroad right-of-way is converted to interim trail use under the Trails Act occurs when state law reversionary property interests that would otherwise vest in the adjacent landowners are blocked from so vesting.  Abandonment is suspended and the reversionary interest is blocked "when the railroad and trail operator communicate to the STB their intention to negotiate a trail use agreement and the agency issues an NITU that operates to preclude abandonment under section 8(d)" of the Trails Act.  We concluded that "[t]he issuance of the NITU is the only government action in the railbanking process that operates to prevent abandonment of the corridor and to preclude the vesting of state law reversionary interests in the right of way.  Thus, a Trails Act taking begins and a takings claim accrues, if at all, on issuance of the NITU.

*Barclay*, 443 F.3d at 1373.[16]

14.    These Florida owners' right to be justly compensated for that property the federal government took from them does not depend upon whether (or when) the railroad and a trail-user reach some agreement, transferred the right-of-way or when the trail-user builds a public recreational trail across these owners' land.  The government's liability for a Fifth Amendment taking is defined by what the owner lost, not what the taker gained. See Justice Holmes decision for a unanimous Supreme Court in *Boston Chamber of Commerce v. City of Boston,* 217 U.S. 189, 195, (1910) ("And the question is, What has the owner lost?  Not, What has the taker gained?")  See also *First English Evangelical Lutheran Church v. Los Angeles,* 482 U.S. 304, 321-22 (1987) ("a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change") (quoting *Pennsylvania Coal,* 260 U.S. at 416).

15.    These owners lost their right to unencumbered title and exclusive possession of their land when the Board invoked section 8(d) on May 14, 2019.

16.    The Federal Circuit and the Supreme Court hold the Board's invocation of section 8(d) takes an owner's state-law right to unencumbered title and exclusive possession of the owner's land and this dispossession of the owner's state-law right to use their land defines the nature of the government's taking – and the measure of compensation the owner is due.  In *Ladd v. United States*, 630 F.3d 1015, 1024-25 (Fed. Cir. 2010) (*Ladd*

---

[16]  See also *Ladd v. United States*, 630 F.3d 1015, 1020 (Fed. Cir, 2010) (*Ladd I*), *reh'g denied*, 646 F.3d 910 (Fed. Cir. 2011)); *Ladd v. United States*, 713 F.3d 648, 652 (Fed. Cir. 2013) (*Ladd II*).

*I*), *reh'g denied*, *Ladd v. United States*, 646 F.3d 910 (Fed. Cir. May 26, 2011)), the Federal

Circuit held:

> Hence it is irrelevant that no trail use agreement has been reached and that no recreational trail has been established. *** "a taking occurs when the owner is deprived of use of the property...by blocking the easement reversion. While the taking may be abandoned ... by the termination of the NITU[,] the accrual date of a single taking remains fixed." *Caldwell*, 391 F.3d at 1235. We further explained: "The NITU marks the 'finite start' to either temporary or permanent takings claims by halting abandonment and the vesting of state law reversionary interests when issued." *Id.* Thus, the NITU forestalls or forecloses the landowners' right to unencumbered possession of the property. *Cf. Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 831, (1987) ("To say that the appropriation of a public easement across a landowner's premises does not constitute the taking of a property interest but rather ... 'a mere restriction on its use,' is to use words in a manner that deprives them of all their ordinary meaning.").[17]

17.     By virtue of the Board invoking section 8(d), the Seminole Gulf and CSXT

have entered into an agreement with Sarasota County to transfer this abandoned railroad

right-of-way to Sarasota County for a northern extension to the existing Legacy Trial.

18.     That this land was taken from these owners for a public amenity such as a

public recreational trail does not mitigate the government's constitutional obligation to

justly compensate these owners.   Justice Holmes cautioned, "[w]e are in danger of

forgetting that a strong public desire to improve the public condition is not enough to

warrant achieving that desire by a shorter cut than the constitutional way of paying for the

---

[17] Internal citations omitted.  See also *Navajo Nation v. United States*, 631 F.3d 1268, 1275 (Fed. Cir. 2011) in which the Federal Circuit affirmed its holding in *Ladd I* as "explaining that a takings claim accrues when the government takes action which deprives landowners of 'possession of their property unencumbered by [an] easement,' regardless of whether third parties ever take physical possession of that easement" and its holding in *Caldwell* as "concluding that any taking occurred when the government took action preventing landowners' state law reversionary interests in a railroad right-of-way from vesting, not when subsequent actions by third parties caused the right-of-way to be converted to an interim trail for recreational use."

change." *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922). Similarly, Justice Black wrote, "The Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States,* 364 U.S. 40, 49 (1960); *see also Monongahela Nav. Co. v. United States*, 148 U.S. 312, 324 (1983), "the right to compensation is an incident to the exercise of that power [of eminent domain]; that the one is so inseparably connected with the other that they may be said to exist, not as separate and distinct principles, but as parts of one and the same principle."[18]

19.    The Fifth Amendment requirement of justly compensating an owner from whom the government takes property includes: (a) the full fair market value of the property taken as of the date it was appropriated by the federal government – fair market value includes not only the value of the land physically confiscated but also any "severance damages" or loss in value to the property owner's entire parcel caused by the government's taking; and, (b) payment of an additional amount necessary to compensate the property owner for the government's delay in paying the property owner "just compensation."

20.    The Supreme Court held, "The compensation to which the owner is entitled is the full and perfect equivalent of the property taken. It rests on equitable principles and it means substantially that the owner shall be put in as good position pecuniarily as he would have been if his property had not been taken. He is entitled to the damages inflicted by the taking." *Seaboard Air Line Ry. Co. v. United States*, 261 U.S. 299 (1923).[19]

---

[18] Citing *Pumpelly v. Green Bay Co.*, 80 U.S. 166 (1871), and other authority.

[19] Citing *Monongahela Nav. Co.*, 148 U.S. at 327.

21.    The federal government's obligation to pay interest begins when the Board first invokes §1247(d).  Here that date is May 14, 2019.  The federal government must pay interest calculated at the Moody's Aaa rate from May 14, 2019 until the United States Treasury actually pays each owner.  See *Miller v. United States*, 620 F.2d 712 (Ct. Cl. 1980); *Pitcairn v. United States*, 547 F.2d 1106 (Ct. Cl. 1976); *Tektronix, Inc. v. United States*, 575 F.2d 832 (Ct. Cl. 1978), *cert. denied*, 439 U.S. 1048; and *Georgia Pacific v. United States*, 640 F.2d 328 (Ct. Cl. 1980); *Miller v. United States*, Court of Federal Claims No. 03-2489L (Order of August 22, 2006), at *2; *Biery v. United States*, Court of Federal Claims Nos. 07-693L & 07-0675L, 2012 WL 5914521, at *4 (Fed. Cl. Nov. 27, 2012); *Love Terminal Partners v. United States*, 126 Fed. Cl. 389 (2016); and *Sears v. United States*, 124 Fed. Cl. 730 (2016).  See also Hearne, et al., *The Fifth Amendment Requires the Government to Pay an Owner Interest Equal to What the Owner Could Have Earned had the Government Paid the Owner the Fair-Market Value of Their Property on the Date the Government Took the Owner's Property*, 1 BRIGHAM-KANNER PROP. RIGHTS CONFERENCE J. 3 (2012)

## COUNT II

*An action for damages under the Uniform Relocation Act.*

22.    The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) (URA) (Pub. L. 91-646; 84 Stat. 1894), requires the federal government to reimburse these owners all of the "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

23.    Section 4622(a) of the URA provides the federal government must also pay other expenses and costs an owner incurs including: (1) actual reasonable expenses in moving himself, his family, business, farm operation, or other personal property; (2) actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation … (3) actual reasonable expenses in searching or a replacement business or farm."

24.    Section 4622(d) of the URA provides the federal government must also pay the costs of relocating "utility facilities" including: "(i) any electric, gas, water, steam power, or materials transmission or distribution system; (ii) any transportation system; (iii) any communication system (including cable television); and (iv) any fixtures, equipment, or other property associated with the operation, maintenance, or repair of any such system."

25.    These owners have incurred those costs and expenses which the URA requires the federal government to pay and reimburse these owners.

## RELIEF REQUESTED

For those reasons set forth above, this Court should enter an order granting these Florida landowners the following relief and order the federal government to:

A.    Pay these owners the full fair-market value of that property the federal government took from these Florida landowners.

B.    Pay these owners compensation for the delay between when the government took the owners' property on May 14, 2019 and the actual date when the government finally honors its constitutional obligation and pays these owners compensation for the land it took.

C.    Reimburse these owners' litigation costs and attorneys' fees as provided in URA §4654(c), which includes, "reasonable costs, disbursements and expenses, including

reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

      D.     Award such further relief as this Court may deem just and proper.

Date: May 21, 2019          Respectfully submitted,

**LARSON O'BRIEN, LLP**

*/s/ Mark F. (Thor) Hearne, II*
MARK F. HEARNE, II
Stephen G. Larson
Stephen S. Davis
112 South Hanley Road, Suite 200
St. Louis, MO 63105
Phone: (314) 296-4000
thor@larsonobrienlaw.com

555 South Flower Street, Suite 4400
Los Angeles, CA 90071

440 First Street, NW, Suite 450
Washington, D.C. 20001

***Attorneys for Plaintiffs***